# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                                   Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.

_____/

## ORDER REQUIRING EXPEDITED RESPONSE

Yesterday afternoon, Florida filed suit against DHS Secretary Mayorkas, U.S. Border Patrol Chief Ortiz, and the United States of America, alleging that "DHS plans to immediately restart the *en masse* parole of aliens at the Southwest Border." Doc. 1 at 2 (¶6) (citing an NBC news article[1] quoting a DHS spokesperson's summary of the plan). This morning, Florida filed an "emergency motion" (Doc. 2) asking the Court to enter a temporary restraining order (TRO) "preventing DHS from implementing the new parole policy or otherwise using [8 U.S.C.] §1182(d)(5) as a tool of operational convenience, to relieve overcrowding, or to facilitate faster processing at the Southwest border."

---

[1] *Biden admin to allow for the release of some migrants into the U.S. with no way to track them*, https://www.nbcnews.com/politics/biden-admin-plans-order-release-migrants-us-no-way-trackrcna83704 (May 10, 2023 8:44 a.m. CDT).

The motion for a TRO needs to be resolved sooner rather than later because the policy challenged in the complaint allegedly will go into effect at 11:59 p.m. eastern time tonight when the Title 42 Order expires. If the allegations in the complaint and motion are true, then it appears that DHS is preparing to flout the Court's order in *Florida v. United States*, -- F. Supp. 3d --, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023), by implementing a new "parole" policy that, based on the DHS spokesperson's description of the policy, sounds virtually identical to the Parole+ATD policy the Court vacated in *Florida*.[2] Specifically, like the vacated Parole+ATD policy, the objective of the new policy is to reduce overcrowding in border patrol facilities and the new policy will simply require aliens released under the policy "to check in with [ICE] and undergo removal proceedings in immigration court" and maybe "be placed into an Alternatives to Detention program to ensure compliance." Doc. 2 at 2 (quoting article in which DHS spokesperson described the new policy).

The motion does not meet the requirements in Fed. R. Civ. P. 65(b)(1) for a TRO without notice, and Florida is not seeking a TRO without notice because the motion reflects that it was mailed to Defendants and emailed to the attorneys who represented the defendants in *Florida*. The motion requests that Defendants be

---

[2] DHS appealed the Order in *Florida*, but it waited until May 5, 2023 (the next to last business day of the 60-day appeal period) to do so and it did not seek a stay of the decision vacating the Parole+ATD policy.

ordered to respond by 4:00 p.m. eastern time so the Court can rule on the motion before the Title 42 Order expires at 11:59 p.m. eastern time.  That request is reasonable under the circumstances, but to facilitate the response, the motion needs to be provided to the attorneys with whom Florida's counsel has been communicating about the challenged policy—who are the same attorneys who represented DHS in *Florida*.

Accordingly, it is **ORDERED** that:

1. Florida shall email a copy of this Order on the attorneys who represented the defendants in *Florida*.

2. Defendants shall have until 4:00 p.m. eastern time to respond to Florida's emergency motion for a TRO.  The response shall be e-filed through CM/ECF and emailed to flnd_wetherell@flnd.uscourts.gov.

**DONE and ORDERED** this 11th day of May, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**