UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                      Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.

_____/

## ORDER

This case is before the Court based on Defendants' motion for extension of time (Doc. 7). The motion does not indicate Plaintiff's position on the motion, but under the circumstances, the Court sees no reason to hold the motion for a response.

The motion seeks to extend the deadline for Defendants to respond to Plaintiff's emergency motion for a TRO from 4:00 p.m. eastern time today until 2:00 p.m. eastern time tomorrow. The motion provides a copy of the challenged policy and asserts that it went into effect yesterday.

It is inconceivable that Defendants waited until yesterday to formulate this policy, particularly since they have known for quite some time that the Title 42 Order was going to expire tonight at midnight and that a surge of aliens would follow. Indeed, this Court observed more than two months ago that the monthly apprehensions "are expected to increase significantly [beyond 135,000 per month]

when the Title 42 Order is no longer in place." *Florida v. United States*, 2023 WL 2399883, at *3 (N.D. Fla. Mar. 8, 2023).

Having now reviewed the memorandum establishing the challenged policy (Doc. 5-1), it should come as no surprise to Defendants that the policy would be challenged because it appears to be strikingly similar to the Parole+ATD policy vacated in *Florida* in both its purpose (reducing overcrowding at border patrol facilities) and operation (by releasing aliens into the country without first at least issuing a charging document on the condition that they report to ICE within a specified period, despite having no real way to assess whether the alien is a public safety threat unless the alien self-reports his or her home-country criminal history). Thus, Defendants should have been preparing to defend the policy long before it was officially rolled out. And there is no reason they cannot prepare a response in fairly short order.

That said, in the interests of justice, the Court will give Defendants an additional hour (until 5:00 p.m. eastern time today) to respond to Plaintiff's motion. Accordingly, it is

**ORDERED** that Defendants' motion for extension of time (Doc. 7) is **GRANTED in part**, and Defendants shall have until 5:00 p.m. eastern time today to respond to Plaintiff's emergency motion for a TRO.

3

**DONE and ORDERED** this 11th day of May, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**