UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

  *Plaintiff*,

  v.  Case No. 3:23-cv-9962-TKW-ZCB

ALEJANDRO MAYORKAS, et al.,

  *Defendants*.
  _____/

# TIME SENSITIVE MOTION FOR LIMITED DISCOVERY AND TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD

Last night, this Court entered a temporary restraining order preventing DHS from implementing or enforcing the Parole + Conditions Policy for 14 days. Doc. 10. The Court also scheduled a hearing for Friday, May 19, 2023, to resolve Florida's request for a preliminary injunction or to postpone the effective date of that policy. *Id.*

Florida is in the process of conferring with DHS regarding the May 19 hearing, including whether to hold an evidentiary hearing or merely oral argument with the submission of paper exhibits. In the meantime, Florida seeks extremely limited discovery and to compel production of the administrative record, which Florida seeks regardless of the form of the May 19 hearing.

Specifically, Florida asks the Court to order DHS to produce the administrative record for the Parole + Conditions Policy by Wednesday, May 17, at 11:59 p.m. Eastern. Further, to the extent DHS intends to rely at the hearing on the declaration of Deputy Chief Matthew J. Hudak, Florida seeks a deposition of Deputy Chief Hudak. Counsel for Florida is available Monday, Tuesday, or Thursday of next week, is willing to travel anywhere DHS prefers, and will limit the deposition to four hours.

Given the time sensitive nature of the requested relief, Florida asks that DHS's response deadline be expedited to Monday, May 15, at 10:00 a.m. Eastern.[1] Counsel for Florida requested DHS's position on this relief at 11:45 a.m. Eastern this morning and requested a response by 4:00 p.m. Eastern, but Florida did not receive a response. *See* Ex. 1.

## ARGUMENT

**I.   DHS SHOULD PRODUCE THE ADMINISTRATIVE RECORD BEFORE THIS COURT DECIDES THE PENDING MOTION.**

DHS has consistently asserted that administrative actions like this one should be decided on the administrative record. *See, e.g.*, Doc. 120 at 7, *Florida v. United States*, No. 3:21-cv-1066-TKW-ZCB (N.D. Fla. Dec. 2, 2022) (arguing that "[i]t is

---

[1] Florida recognizes that Monday may not be feasible for a deposition if DHS does not respond until Monday morning. Florida, however, offered all three dates to DHS and is still hopeful DHS will make the witness available that day. Further, Florida is also hopeful that compelled production of the administrative record will prompt DHS to withdraw the declaration.

2

well settled that judicial review of agency action under the APA is generally limited to review of the administrative record" and collecting authorities).

It is of no moment that this case is at the preliminary relief stage. First, this case is likely to be decided on a preliminary record at the Eleventh Circuit and possibly even at the Supreme Court. Frequently, decisions at this stage definitively resolve the case. *See, e.g.*, *Arizona v. United States*, 567 U.S. 387 (2012). Appellate courts will unquestionably benefit from a more developed record.

Second, courts regularly require agencies to produce the administrative record at the preliminary relief stage. *See Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (holding that it was an abuse of discretion to determine "probability of success on the merits" without "requir[ing] the FDA to file the administrative record"); *accord* Scheduling Order, Doc. 44, *Texas v. United States*, No. 6:21-cv-3 (S.D. Tex. Jan. 30, 2021) (requiring DHS to produce the administrative record for a preliminary injunction hearing on DHS's 100-day stay of deportations); *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1102, 1106–07 (N.D. Cal. 2018) (in which DHS produced the administrative record for a preliminary injunction hearing following issuance of a temporary restraining order).

Third, five days is ample time for DHS to compile the administrative record under the circumstances. As this Court recognized yesterday, DHS "should have

been preparing to defend the policy long before it was officially rolled out." Doc. 8 at 2.

For these reasons, the Court should order DHS to produce the administrative record for the Parole + Conditions Policy by Wednesday, May 17, at 11:59 p.m. Eastern.

## II. THE COURT SHOULD ALLOW FLORIDA TO DEPOSE DEPUTY CHIEF HUDAK.

To the extent DHS does not withdraw the declaration it filed yesterday, Doc. 9-2, Florida should be permitted to depose Deputy Chief Hudak. During prior litigation, DHS had the opportunity to thoroughly probe the evidence Florida is likely to present here. Deputy Chief Hudak's declaration, however, contains new information that Florida cannot meaningfully test or rebut absent a deposition.

Florida recognizes that the border is in crisis and that Deputy Chief Hudak has important responsibilities. But DHS, not Florida, put Deputy Chief Hudak's testimony at issue in this case. *See United States v. California*, No. 2:18-cv-490, 2018 WL 10581149, at *1 (E.D. Cal. Mar. 22, 2018) (allowing a deposition of the ICE Director before a preliminary injunction hearing after the United States offered him as a declarant). Moreover, counsel for Florida is willing to take the deposition on Monday, Tuesday, or Thursday of next week in a place of DHS's choosing. Florida is further willing to limit the deposition to four hours.

4

## CONCLUSION

For the foregoing reasons, the Court should enter an order compelling DHS to produce the administrative record for the Parole + Conditions Policy by Wednesday, May 17, at 11:59 p.m. Eastern and authorizing Florida to take a deposition of Matthew J. Hudak if DHS does not withdraw his declaration. The Court should also immediately enter an order requiring DHS to respond to this motion by Monday, May 15, at 10:00 a.m. Eastern.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Joseph E. Hart (FBN 124720)
COUNSELOR TO THE ATTORNEY GENERAL

Anita Patel (FBN 70214)
ASSISTANT BUREAU CHIEF

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF COMPLIANCE

This motion complies with the requirements of Local Rule 7.1(F) because it contains 904 words.

Pursuant to Local Rule 7.1(B), Florida's counsel contacted counsel for DHS as described above and did not receive a response. *See* Ex. 1.

*/s/ James H. Percival*
Chief of Staff

## CERTIFICATE OF SERVICE

I certify that on May 12, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

*/s/ James H. Percival*
Chief of Staff