UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                          Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.
_____/

## ORDER SHORTENING RESPONSE PERIOD

This case is before the Court based on Defendants' emergency motion to stay (Doc. 13). The motion was filed at 10:36 p.m. CDT last night, and it asks the Court to say the temporary restraining order (TRO) (Doc. 10) issued late Thursday night pending an appeal that Defendants say is forthcoming. Plaintiff responded to the motion earlier this afternoon,[1] but its "limited response" response (Doc. 14) is fairly unhelpful because it does not engage with the substance of the motion and merely asks for more time (until 11:59 p.m. Tuesday, May 16) to file a substantive response.

---

[1] The Court said that it was not going to look at the motion to stay again until Monday, *see Florida v. United States*, Case No. 3:21cv1066, ECF No. 165, at 1 n.2 (May 13, 2023), but the Court could not help itself. Moreover, even though the situation Defendants find themselves in at the border is largely of their own making, the fact remains that it is a national crisis that warrants expedited treatment so the parties can get this case where it is ultimately going to be resolved—in a higher court. The sooner that happens the better for all concerned.

The Court summarily denied the motion to stay as it relates to Case No. 3:21cv1066 as "borderline frivolous," but that case involved a different (albeit substantively similar) parole policy and was in an entirely different procedural posture. The same legal standards will apply to the Court's consideration of the motion in this case, but there are different factual and procedural considerations at play. Thus, even though the outcome of the motion to stay may be the same in this case, the motion at least presents a non-frivolous argument as to why a stay of the TRO might be warranted that need to be addressed ono the merits. Moreover, if Defendants are willing to allow the TRO to be converted to a preliminary injunction without further hearing, that would seem to be in Plaintiff's benefit—and in the interests of judicial economy.[2]

The motion to stay probably could have been filed earlier in the day on Friday, but it was filed just over 24 hours after the TRO was entered and Plaintiff's attorneys

---

[2] The Court understands that it may not be in the best position to assess whether the policy challenged in this case is "arbitrary and capricious" without reviewing the yet-to-be produced administrative record, but Plaintiff only needs to show that it is likely to succeed on the merits of one of its APA claims to satisfy the first factor of the preliminary injunction test. And, given that Defendants appear to be willing to forego any further argument on the question of whether Plaintiff is likely to succeed on its "contrary to law" and "notice and comment" claims (both of which are primarily legal questions), it is hard to imagine that the views expressed by the Court on those claims in the TRO will change. Moreover, although Plaintiff has not presented any evidence of standing or irreparable harm as it relates to the policy challenged in this case, it persuasively argued in its motion for the TRO that Defendants are collaterally estopped from challenging the findings in Case No. 3:21cv1066 that demonstrated how Florida was harmed (and had standing to challenge) Defendants' misuse of its parole authority under the nearly-identical Parole+ATD policy and, if necessary, Plaintiff can present its arguments on the actual policy in its response and/or a proposed preliminary injunction.

have had the motion all day today. It is unreasonable to expect Plaintiff's attorneys to work on the motion between now and first thing Monday morning because tomorrow is Mother's Day. However, Plaintiff is represented by multiple skilled attorneys (and it likely has many more at its disposal in the Florida Attorney General's Office), so the Court sees no reason why it would be an inordinate hardship for Plaintiff to file a response by noon on Monday. That should give the Court time to rule on the motion to stay, if not by the close of business on Monday at least before midnight. Then, if the motion to stay is denied, Defendants can go the Eleventh Circuit and try their luck there.

Accordingly, it is **ORDERED** that:

1. Plaintiff shall have until noon central time on Monday, May 15, 2023, to respond to Defendants' motion to stay and explain why the TRO should not be converted into a preliminary injunction.

2. By that same deadline, each party may submit a proposed preliminary injunction for the Court's consideration in the event the Court decides to deny the motion to stay and grant Plaintiff's request to convert the TRO into a preliminary injunction.

**DONE and ORDERED** this 13th day of May, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

4