# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

STATE OF FLORIDA,

    *Plaintiff*,

    v.                              Case No. 3:23-cv-9962-TKW-ZCB

ALEJANDRO MAYORKAS, et al.,

    *Defendants*.

_____/

# JOINT NOTICE OF STIPULATION
# REGARDING FURTHER PROCEEDINGS

To streamline further proceedings in this case, the parties have stipulated as follows:

- While the parties do not agree on whether to convert the temporary restraining order into a preliminary injunction, the parties both agree to waive their rights to a hearing and to withdraw any objection to the Court deciding Florida's motion for preliminary relief tomorrow, May 15.

- The parties further agree that the Court may treat Florida's filings to date, in addition to its two filings due tomorrow, as its motion for preliminary relief, and any filing Defendants have submitted as of the time the Court decides the motion as its opposition to Plaintiff's motion for preliminary relief. The parties disagree on a few specifics, which the Court can resolve when it decides the motion for preliminary relief.

  - <u>Florida's position</u>: Florida asks the Court to treat its motion as *both* a motion for preliminary injunction and for a stay under the APA, *see* 5 U.S.C. § 705. Florida understands that DHS's position in this case is

that a stay is unavailable because the challenged rule is in effect. Florida will further address that issue in its proposed order.

o  <u>Defendants' position</u>: Defendants agree with Florida's position regarding treating its filing as a motion for preliminary injunction, but Defendants' position is that an APA stay under 5 U.S.C. § 705 is unavailable because the challenged policy is in effect. The plain text of section 705 authorizes the postponement of the effective date of *a not yet effective rule*, pending judicial review, but not suspension of a rule that is already in effect.

• The parties further agree that, in lieu of Florida filing evidence, the Court may consider evidence from the trial record in *Florida v. United States*, but only to the extent relevant here. The parties hope to simplify the Court's task significantly in their proposed orders. The parties disagree on a few specifics, which the Court can resolve when it decides the motion for preliminary relief.

o  <u>Florida's position</u>: Florida's position is that relevant evidence includes standing evidence, evidence that goes to the equities, and evidence the Court considered regarding the merits of Parole + ATD. Florida believes the Parole + ATD record is relevant here because DHS has not yet produced the administrative record for the new policy and the Court therefore may look to other evidence that is predictive of the record DHS will produce.

o  <u>Defendants' position</u>: Defendants agree with Florida's position regarding standing. However, the Court may not rely on evidence from the *Florida v. United States* trial record that goes to the *merits* of Plaintiff's claims in *this* case. Although the Court there may have considered evidence outside of the administrative record, that was because Plaintiff had a separate set of claims, the so-called "non-detention policy" claims, that were not subject to the administrative record rule. As to the claims actually subject to the APA's record rule, the Court clearly held that it could not consider evidence outside of the certified administrative record. *See* ECF 55, *Florida v. United States*, 21-cv-1066 (N.D. Fl.). And unlike in that case, Plaintiffs do not advance non-APA claims here. *See id.* at 4 (suggesting fact that Florida "has alleged that the challenged policies violate the Constitution" might matter as to the record question). Regardless, Defendants cannot agree to supplement the record for purposes of deciding the motion for

preliminary injunction in this case. *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2574 (2019); *see also, e.g.*, *Nat'l Pork Producers Council v. Bergland*, 631 F.2d 1353 (8th Cir. 1980); *Ctr. for a Sustainable Coast v. United States Army Corps of Engineers*, No. 2:19-CV-58, 2022 WL 202893, at *4 (S.D. Ga. Jan. 21, 2022).

o   Defendants also reserve their right to argue that Plaintiff has not established Article III standing in further proceedings before this court and in courts of review, regardless of the relevance of the trial record in *Florida v. United States*. That is, while Defendants do not oppose the Court's consideration of that trial record for the purposes of assessing Article III standing, they do not agree that the record in that case demonstrates standing here, given that the record there involved a different policy and evidence concerning the period prior to the issuance of that policy in 2022. The policy at issue here was issued on May 10, 2023, so none of the evidence from *Florida v. United States* demonstrates the prerequisites on Article III standing, namely injury, traceability, or redressability, as to the May 10, 2023 parole policy at issue in this case.

- Florida has agreed to withdraw its motion for limited discovery and to compel production of the administrative record, without prejudice to filing a similar motion later in the proceedings as may be appropriate.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Joseph E. Hart (FBN 124720)
COUNSELOR TO THE ATTORNEY GENERAL

Anita Patel (FBN 70214)
ASSISTANT BUREAU CHIEF

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Joseph Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 14, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.


*/s/ James H. Percival*
Chief of Staff