UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.

_____/

## ORDER

This case is before the Court based on the parties' joint notice of stipulation regarding further proceedings (Doc. 16) in which the parties agreed to waive their rights to a hearing on the issue of whether to convert the temporary restraining order (TRO) to a preliminary injunction and agreed on the evidence the Court can consider in making that decision. The Court appreciates the collegiality of counsel in reaching that stipulation and the Court will rule on Florida's request for a preliminary injunction as quickly as it can this week. (The Court only committed to rule on the motion to stay the TRO today. *See* Doc. 15 at 3.)

The only concern the Court has with the approach agreed to by the parties is that there have been multiple published news reports over the weekend in which the DHS Secretary was quoted as saying that the number of "encounters" with aliens at

the Southwest Border after the expiration of the Title 42 Order have been considerably lower than expected.[1] The Court understands that its decision must be based on evidence of record, not news reports, and that news reports may be inaccurate and/or the Secretary may be mis-informed; however, these reports suggest that some of the information presented in the affidavits submitted by Defendants in opposition to the motion for a TRO and in support of their motion to stay the TRO about the projected number of post-Title 42 Order "encounters" may be stale, at best. *See* Doc. 13-1 at 6 (¶11).

The parties likely have different views on what the numbers mean and how they impact the Court's decisions on the stay and the preliminary injunction, but they should be able to agree on what the numbers are. Moreover, it would seem to be in both parties' best interests for the Court to make its decisions on the stay and the preliminary injunction with the most current available data. Accordingly, it is

**ORDERED** that:

1.    The preliminary injunction hearing scheduled for May 19, 2023, is cancelled.

---

[1] See, e.g., Jasmine Wright & Veronica Stracqualursi, "Border chief says it's 'too early' to know if migrant surge has peaked, *CNN*, May 14, 2023 (https://www.cnn.com/2023/05/14/politics/alejandro-mayorkas-cnntv/index.html); Nouran Salahieh, "End of Title 42 immigration policy brought fewer migrants than expected, but communities are still on high alert, *CNN*, May 14, 2023 (https://www.cnn.com/2023/05/14/us/title-42-border-immigration-sunday/index.html).

2. The parties shall confer in an effort to reach a stipulation regarding the number of daily encounters during the days or weeks leading up to the expiration of the Title 42 Order and the number of daily encounters since. The stipulation shall be filed as soon as possible today, preferably by the deadline for the proposed preliminary injunctions.

3. If the parties cannot reach a stipulation, they shall explain in their proposed preliminary injunctions why the Court cannot take judicial notice of the statements that have been attributed to the DHS Secretary about the lower-than-expected number of encounters in evaluating the weight of the evidence currently before the Court and in determining whether to stay the TRO and/or enter a preliminary injunction.

**DONE and ORDERED** this 15th day of May, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**