**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| STATE OF FLORIDA,<br><br>*Plaintiff,*<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>*Defendants.* | Civil Action No. 3:23-cv-9962 |

**[PROPOSED] ORDER**

Pending before the Court is Defendants' motion to convert the Court's temporary restraining order (ECF. No. 10) into a preliminary injunction. Both parties have had an opportunity to submit briefing on the issue, and having reviewed all the relevant filings, and for good cause shown, it is HEREBY ORDERED:

1. The temporary restraining order issued on May 11, 2023 (ECF No. 10) is hereby converted to a preliminary injunction. In entering this preliminary injunction the Court relies on the four-factor test applicable to such motions, including a finding that Plaintiff is likely to succeed on the merits of its claims. The Court does not rest its decision on collateral estoppel, and reserves ruling on that issue for another day.

2. Defendants are hereby enjoined from implementing or enforcing the parole policy contained in the May 10, 2023, Memorandum from U.S. Border Patrol Chief Raul Ortiz, titled "Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions)," pending final resolution of this case.

3. Injunctions "should be 'limited to the inadequacy that produced the injury in fact that the plaintiff has established,' and 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'" *Georgia v. President of the United States*, 46 F.4th 1283, 1303 (11th Cir. 2022) (quoting *Gill v. Whitford*, ––– U.S. ––––, 138 S. Ct. 1916 (2018)). Applying this principle, the Eleventh Circuit has instructed "that a nationwide injunction may be issued in appropriate circumstances" but "those appropriate circumstances are rare." *Id.*at 1304. Especially when considering a request for relief "on a preliminary basis," courts must consider "whether the courts can offer complete relief to the plaintiffs in federal regulatory challenges without issuing a nationwide injunction"—and where "we can," "we must." *Id.* at 1306, 1308.

Here, Florida asserts that the challenged policy will lead to "tens of thousands" of individuals being "released," some of whom "will likely make their way to Florida," requiring Florida to "expend funds" on them. ECF 2 at 5. However, the challenged policy requires that "USBP must collect and document a physical

address for each noncitizen processed via parole with conditions." Parole with Conditions Policy at 6. An injunction prohibiting DHS from paroling individuals under the policy who report a Florida address thus will offer Florida "complete relief" pending further litigation of its claims. In addition, the Court is aware of other litigation challenging the policy at issue here, involving many States that are not parties to this litigation. *See Texas v. U.S. Dept. of Homeland Sec.*, 23-cv-7 (N.D. Tex.) (ECF No. 141, motion for TRO).[1] The Court is also mindful that the Eleventh Circuit has instructed that this Court's decision should not unnecessarily prevent other courts from "weigh[ing] in so that the issues can percolate among the courts." *Georgia*, 46 F.4th at 1307.

Accordingly, this order shall be limited to individuals considered for parole under the Parole with Conditions policy who report an address in Florida. Given the preliminary posture of this order, whose purpose "is not to conclusively determine the rights of the parties," this limitation appropriately "balance[s] the equities as the litigation moves forward," by "conside[ring] the overall public interest" and "the exigencies of the particular case." *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579–80 (2017).

---

[1] The Court is aware that Judge Tipton held a hearing in this case on May 12, 2023. *See* ECF No. 143, *Texas v. U.S. Dept. of Homeland Sec*., 23-cv-7 (S.D. Tex.). According to a minute entry dated May 12, 2023, the Court did not issue an order addressing the motion for TRO.

4. Plaintiff has alternatively requested that the Court convert the TRO into a stay of the challenged policy under 5 U.S.C. § 705. Given that a preliminary injunction adequately protects Plaintiff's interests and that a section 705 stay complicates proceedings unnecessarily, the Court denies the request.

As several courts construing Section 705 have concluded, the phrase "postpone the effective date" of an agency action authorizes the "postpone[ment of] the effective date of *a not yet effective rule*, pending judicial review," but not suspension of a rule that is already in effect. *See, e.g.*, *Safety-Kleen Corp. v. EPA*, Nos. 92-1629, 92-1639, 1996 U.S. App. LEXIS 2324, at *2-3 (D.C. Cir. Jan. 19, 1996) (emphasis added); *Ctr. for Biological Diversity v. Regan*, No. CV 21-119 (RDM), 2022 WL 971067, at *21 (D.D.C. Mar. 30, 2022) (same, collecting cases); *Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 151 (S.D.N.Y. 2019) (same); *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1118 (N.D. Cal. 2017) (same); *but see Texas v. Biden*, No. 2:21-CV-067-Z, 2022 WL 17718634, at *8 (N.D. Tex. Dec. 15, 2022). While these cases address an agency decision to "postpone the effective date," Section 705 uses identical language when referring to "the reviewing court ... postpon[ing] the effective date of an agency action." The use of an identical phrase in the first and second sentences of Section 705 must be presumed to be intentional. *See, e.g.*, *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986). Given its plain meaning, the language in Section 705

allowing a court or agency to "postpone the effective date" can only be read to mean that the statute allows the court "to put off until a future time," "defer," or "delay" the "operative" date of the agency action. See MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/postpone (last visited May 14, 2023); MERRIAMWEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/effective (last visited May 14, 2023); see also BLACK'S LAW DICTIONARY ONLINE (2d. Ed.) (defining "postpone" as "to put off; defer; delay; continue"). One cannot "defer" or "put off" an action that has already occurred; thus, the statute does not permit the issuance of a stay after the operative date of the challenged rule has already passed. Here, because the challenged policy went into effect before the court issued its TRO order, the Court could not "stay" its effective date under 5 U.S.C. § 705. Because of the complications raised by Plaintiff's separate request to issue a section 705 stay, the court declines to enter a section 705 stay and instead simply converts its TRO order into an order for a preliminary injunction.

5. The Court is mindful of the parties' stipulation submitted Sunday, May 14 (ECF No. 16) concerning evidence from the trial record in *Florida v. United States*, No. 21-cv-1066 (N.D. Fla.). In issuing this order, the Court has not considered any evidence submitted in that case with respect to the merits of the claims addressed in that case in assessing the legality under the Administrative

Procedure Act (APA) of the Parole with Conditions policy in this case. As the Court has explained, "[j]udicial review of agency action under the APA is typically limited to the record before the agency when it took the challenged action." ECF No. 55 at 2, *Florida v. United States*, No. 21-cv-1066 (N.D. Fla. June 6, 2022). Unlike in *Florida v. United States*, No. 21-cv-1066, in this case Florida advances only APA claims, and so there is no basis to look outside of the four corners of the Parole with Conditions policy in assessing Plaintiff's likelihood of success on their APA claims. *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2574 (2019); *see also, e.g.*, *Nat'l Pork Producers Council v. Bergland*, 631 F.2d 1353 (8th Cir. 1980); *Ctr. for a Sustainable Coast v. United States Army Corps of Engineers*, No. 2:19-CV-58, 2022 WL 202893, at *4 (S.D. Ga. Jan. 21, 2022). If and when Defendants submit an administrative record as the case proceeds, the Court will assess the policy anew based on that record. All the Court is holding now is that based on the information contained in the Parole with Conditions memorandum, Plaintiffs have demonstrated a likelihood of success on the merits of their APA claims.

6. [The Court has reviewed Defendants' response to the order to show cause. The Court is satisfied with Defendants' submissions and explanation.][2] At

[2] Defendants propose this language for the Court's consideration after it has reviewed Defendants' response to the order to show cause. As will be set forth in that response, Defendants respectfully suggest there is no basis to conclude that the Court's TRO was not followed.

this time the Court therefore declines to order Defendants to engage in any reporting. Should Plaintiff have any reason to revisit this order, it shall first confer with Defendants and attempt to resolve any disputes before filing anything with the Court.

7. [This order is STAYED for 7 days from this date to allow Defendants to seek appellate review.][3]

DONE and ORDERED this ___ day of May, 2023.

______________________________
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

[3] Defendants respectfully submit this additional language for the Court's consideration in the event it concludes an administrative stay is warranted, as Defendants have requested.

Date: May 15, 2023

Respectfully submitted,

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
*Senior Litigation Counsel*
JOSEPH A. DARROW
ERIN T. RYAN
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-4824
sarah.b.fabian@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
United States Department of Justice
Civil Division