UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                        Case No.  3:23-cv-9962-TWK-ZCB

ALEJANDRO MAYORKAS;
et. al,

    Defendants.

_____

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

On May 15, 2023, the Court ordered the government to file a report with the Court addressing media allegations that "DHS 'paroled' 2,500 aliens after the Court entered its temporary restraining order." ECF No. 17 (citing Stephen Dinan, "Border Patrol paroled 2,500 migrants after judge's ruling halting program," *Washington Times*, May 14, 2023.). The Court further ordered that if these allegations are true, Defendants should show cause why they should not be held in contempt for violating the temporary restraining order (ECF No. 10 ("TRO")). *Id.*

Defendants understand the basis for the Court's inquiry, take very seriously their obligation to comply with court orders, and appreciate the opportunity to respond. As explained below, DHS took immediate steps to ensure compliance with the Court's TRO by sending instructions to the field to cease processing under the Parole with Conditions policy in advance of the TRO taking effect. It appears that those instructions generally were followed. Defendants' review of U.S. Custom and Border Protection ("CBP") systems has identified some data indicating possible noncompliance with respect to a relatively small number of individuals. Defendants are investigating that issue and will report back to the Court promptly.

The TRO was issued at approximately 9:45 p.m. on May 11, 2023, and went into effect at 11:59 p.m. that same day.[1] At 10:57 p.m. that night, U.S. Border Patrol sent a notification to the field dictating as follows:

---

[1] All times discussed herein are in Eastern Time unless otherwise noted.

1

- "**Effective immediately**, cease processing all individuals under parole with conditions as outlined in Chief Ortiz's memorandum of May 10, 2023 'Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions).'" *See* Declaration of David S. Bemiller ("Bemiller Decl."), attached hereto, at ¶ 5 and Ex. A (emphasis in original).

- "At 11:30 p.m. any individual who is not process complete for parole with conditions should be reprocessed[.]" *Id.*, Ex. A.

- "At 11:45 p.m. all processing for parole with conditions must cease completely and this is the last moment for process complete[.]" *Id.*

- "After 11:45 p.m. NO INDIVIDUAL MAY CONTINUE TO BE PROCESSED FOR PAROLE WITH CONDITIONS." *Id.* (capitalization in original).

The notification to the field further explained that "[a]ny individual processed under parole with conditions [and] process complete as of 11:45 p.m. may be released tomorrow consistent with the Sector's normal release procedure." *Id.* An individual who is "process complete" has been fully processed, and has been granted parole; no further steps are required to effectuate a grant of parole for that individual. *Id.* ¶ 9. U.S. Border Patrol generally does not release individuals overnight because of safety risks to the individual. *Id.* ¶ 10.

Defendants' review of CBP systems thus far indicates that the instructions above generally were followed in the field. *See id.* at ¶ 13. Defendants have identified one potential issue, however, that they are investigating. The team pulling this data has identified 167 individuals in the CBP systems who appear to have been

2

processed for Parole with Conditions, but who do not reflect a process complete time prior to 11:59 p.m. on May 11, 2023. *Id.* ¶ 13.a. Of those, 130 individuals do not reflect any process completion time, and the remaining 37 individuals have a process completion time that is after 11:59 p.m. on May 11, 2023. *Id.* A manual review is required to confirm whether or not any or all of those individuals were, in fact, processed for Parole with Conditions after 11:59 pm on May 11, 2023 (for example the processing complete time may in fact be prior to the Court's deadline but was not noted in the system, or the individual was reprocessed for an NTA but the agent doing the processing inadvertently did not update the final disposition to reflect the change). *Id.* That manual review has already begun, and Defendants respectfully request that the Court grant them 48 hours to provide a further update on that review.

Because the Washington Times article cites an anonymous source for its numbers, Defendants cannot assess where those numbers came from or how they were generated. According to U.S. Customs and Border Protection ("CBP") systems, 6,413 individuals were released under Parole with Conditions on Thursday May 11, prior to the TRO taking effect at 11:59 p.m. *Id.* ¶ 15.c. As of May 11, 2023, 11:59 pm ET, CBP systems show 2,576 noncitizens in its custody who were fully processed for Parole with Conditions. *Id.* ¶ 15.a. When the court issued its TRO, all sectors had ceased releases for the day for any noncitizens who were fully processed, and therefore some noncitizens who had already been fully processed prior to the

time the TRO took effect were released on May 12, 2023, consistent with U.S. Border Patrol's normal release procedures. *Id.*

CBP systems initially also showed one individual as released on parole with conditions on May 13, 2023 and another on May 14, 2023; however, upon further review, Border Patrol has determined that this was a data entry error. *Id.* ¶ 13.b. Each of these individuals was, in fact, process complete before the Court's order and left Border Patrol custody on May 12, 2023. *Id.*

Defendants respectfully submit that, with the potential exception of 167 individuals whose records are under manual review, they did not "implement[] or enforc[e]" the Parole with Conditions policy after the TRO took effect at 11:59 p.m. on May 11, 2023. Defendants ask the Court to grant them 48 hours to supplement this response to provide further explanation regarding those 167 individuals.

Date:  May 15, 2023

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Sarah B. Fabian*

4

SARAH B. FABIAN
*Senior Litigation Counsel*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-4824
sarah.b.fabian@usdoj.gov

*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
United States Department of Justice
Civil Division
