# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA

vs

ALEJANDRO MAYORKAS, et al.

USDC NO.    **3:23-cv-09962-TKW-ZCB**

USCA NO.

## TRANSMITTAL OF NOTICE OF APPEAL

The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals.  A copy of the appeal notice, docket entries, and Order appealed from is enclosed.

First Appeal Notice:       YES

Judge Appealed From:    T. KENT WETHERELL, II

Appellate Docket Fee:

Court Reporters:

Other

JESSICA J. LYUBLANOVITS
CLERK OF COURT

By:  *Jennifer Johnson*
Deputy Clerk
1 North Palafox Street
Pensacola, Florida 32502-5658

May 18, 2023

APPEAL

## U.S. District Court
## Northern District of Florida (Pensacola)
## CIVIL DOCKET FOR CASE #: 3:23−cv−09962−TKW−ZCB

STATE OF FLORIDA v. MAYORKAS et al
Assigned to: JUDGE T KENT WETHERELL II
Referred to: MAGISTRATE JUDGE ZACHARY C BOLITHO
Cause: 05:551 Administrative Procedure Act

Date Filed: 05/10/2023
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**STATE OF FLORIDA**                    represented by   **ANITA J PATEL**
FLORIDA ATTORNEY GENERALS
OFFICE
COMPLEX LITIGATION
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399
850−414−3694
Email: anita.patel@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**DANIEL WILLIAM BELL**
FLORIDA ATTORNEY GENERALS
OFFICE
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399
786−473−2923
Email: daniel.bell@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**HENRY CHARLES WHITAKER**
FLORIDA OFFICE OF THE ATTORNEY
GENERAL
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399−1050
850−414−3688
Email: henry.whitaker@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JOHN MATTHEW GUARD**
FLORIDA ATTORNEY GENERAL'S
OFFICE
EXECUTIVE STAFF
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399
850−245−0140
Email: john.guard@quarles.com
*ATTORNEY TO BE NOTICED*

**JOSEPH EDWARD HART**
OFFICE OF THE ATTORNEY
GENERAL
EXECUTIVE STAFF
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399−1050
850−245−0160
Email: joseph.hart@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**NATALIE CHRISTMAS**
FLORIDA ATTORNEY GENERALS

OFFICE
PL−01 THE CAPITOL
TALLAHASSEE, FL 32399
850−245−0147
Email: natalie.christmas@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JAMES HAMILTON PERCIVAL , II**
FLORIDA ATTORNEY GENERALS
OFFICE
OFFICE OF THE ATTORNEY
GENERAL
Pl−01
THE CAPITOL
TALLAHASSEE, FL 32399
850−414−3300
Email: james.percival@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **ALEJANDRO MAYORKAS** | represented by | **JOSEPH ANTON DARROW**<br>DOJ−USAO<br>CIVIL DIVISION − IMMIGRATION<br>LITIGATION<br>PO BOX 868<br>BEN FRANKLIN STATION<br>WASHINGTON, DC 20044<br>202−598−7537<br>Email: joseph.a.darrow@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **SARAH B FABIAN**<br>DOJ−CIV<br>OFFICE OF IMMIGRATION<br>LITIGATION<br>BEN FRANKLIN STATION<br>PO BOX 868<br>WASHINGTON, DC 20044<br>202−532−4824<br>Email: sarah.b.fabian@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **RAUL ORTIZ** | represented by | **JOSEPH ANTON DARROW**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **SARAH B FABIAN**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES** | represented by | **JOSEPH ANTON DARROW**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **SARAH B FABIAN**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2023 | 1 | COMPLAINT *for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, and Declaratory Relief* against All Defendants ( Filing fee $ 402 receipt number AFLNDC−7864201.), filed by State of Florida. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Proposed Summons) (PERCIVAL, JAMES) (Entered: 05/10/2023) |
| 05/10/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 1 COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DECLARATORY RELIEF. (jfj) (Entered: 05/10/2023) |
| 05/11/2023 | 2 | Emergency MOTION for Temporary Restraining Order by State of Florida. (Attachments: # 1 Exhibit Emails with Counsel) (PERCIVAL, JAMES) (Entered: 05/11/2023) |
| 05/11/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 2 Emergency MOTION for Temporary Restraining Order. (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 3 | ORDER REQUIRING EXPEDITED RESPONSE. Florida shall email a copy of this Order on the attorneys who represented the defendants in Florida. Defendants shall have until 4:00 p.m. eastern time to respond to Florida's emergency motion for a TRO (Doc. 2 ). The response shall be e−filed through CM/ECF and emailed to flnd_wetherell@flnd.uscourts.gov. Signed by JUDGE T KENT WETHERELL II on 05/11/23. (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 4 | Summons Issued as to Alejandro Mayorkas, Raul Ortiz, United States. (Attachments: # 1 Summons, # 2 Summons) (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 5 | NOTICE *of Filing Copy of Challenged Policy* by State of Florida re 2 Emergency MOTION for Temporary Restraining Order (Attachments: # 1 Exhibit The Challenged Policy) (PERCIVAL, JAMES) (Entered: 05/11/2023) |
| 05/11/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 5 Notice. (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 6 | NOTICE of Appearance by JOSEPH ANTON DARROW on behalf of All Defendants (DARROW, JOSEPH) (Entered: 05/11/2023) |
| 05/11/2023 | 7 | MOTION for Extension of Time to File Response/Reply as to 3 Order, *Notice of Receiving Complaint and TRO* by Alejandro Mayorkas, Raul Ortiz, United States. (Attachments: # 1 Exhibit A − May 10, 2023 Memorandum) (DARROW, JOSEPH) (Entered: 05/11/2023) |
| 05/11/2023 | 8 | ORDER. Defendants' motion for extension of time (Doc. 7 ) is GRANTED in part, and Defendants shall have until 5:00 p.m. eastern time today to respond to Plaintiff's emergency motion for a TRO. Signed by JUDGE T KENT WETHERELL II on 05/11/23. (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 9 | RESPONSE in Opposition re 2 Emergency MOTION for Temporary Restraining Order filed by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES. (Attachments: # 1 Exhibit A − Policy on Parole With Conditions, # 2 Exhibit B − Matthew Hudak Declaration) (DARROW, JOSEPH) (Entered: 05/11/2023) |
| 05/11/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 9 OPPOSITION TO EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER. (jfj) (Entered: 05/11/2023) |
| 05/11/2023 | 10 | TEMPORARY RESTRAINING ORDER re 2 Emergency MOTION for Temporary Restraining Order. ORDERED that: DHS is enjoined from implementing or enforcing the parole policy contained in the May 10, 2023, Memorandum from U.S. Border Patrol Chief Raul Ortiz, titled "Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions)." This TRO will take effect at 11:59 p.m. eastern time to correspond with the expiration |

|  |  | of the Title 42 Order and to give Defendants an opportunity to seek an emergency stay from a higher court. This TRO will expire 14 days from the date of this Order. See Fed. R. Civ. P. 65(b)(2). A preliminary injunction hearing is scheduled for May 19, 2023, at 9:00 a.m. in the United States Courthouse, 1 North Palafox Street, Courtroom 4 North, Pensacola, Florida. Signed by JUDGE T KENT WETHERELL II on 5/11/2023. (pmc) (Entered: 05/11/2023) |
| --- | --- | --- |
| 05/11/2023 |  | Set Hearing: Preliminary Injunction Hearing set for **5/19/2023 at 9:00 AM** in U.S. Courthouse Pensacola before JUDGE T KENT WETHERELL II. (pmc) (Entered: 05/11/2023) |
| 05/12/2023 | 11 | MOTION to Compel Production of Administrative Record and for Limited Discovery by STATE OF FLORIDA. (Attachments: # 1 Exhibit Conferral with counsel) (PERCIVAL, JAMES) (Entered: 05/12/2023) |
| 05/12/2023 |  | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 11 MOTION to Compel Production of Administrative Record and for Limited Discovery. (alb) Modified on 5/12/2023 (jfj) Motion now referred to Magistrate Judge. (Entered: 05/12/2023) |
| 05/12/2023 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 11 TIME SENSITIVE MOTION FOR LIMITED DISCOVERY AND TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD. Referred to ZACHARY C BOLITHO. (jfj) (Entered: 05/12/2023) |
| 05/12/2023 | 12 | ORDER entered re Florida's 11 Motion to Compel Production of Administrative Record and for Limited Discovery. Defendants shall have until May 15, 2023 at 12:00 p.m. (EST) to respond to Florida's motion. The Court will hold a telephone hearing on Florida's motion on May 15, 2023 at 3:30 p.m. (EST). Call−in instructions will be circulated by the Court the morning of May 15, 2023. Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 5/12/2023. (hmw) (Entered: 05/12/2023) |
| 05/12/2023 | 13 | Emergency MOTION to Stay re 10 Temporary Restraining Order,,, and Vacatur Pending Appeal by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES. (Attachments: # 1 Exhibit A − May 12, 2023 Declaration of Matthew Hudak, # 2 Exhibit B − May 12, 2023 Declaration of Daniel Bible, # 3 Text of Proposed Order Proposed Order) (DARROW, JOSEPH) (Entered: 05/12/2023) |
| 05/13/2023 | 14 | RESPONSE to Motion re 13 Emergency MOTION to Stay re 10 Temporary Restraining Order,,, and Vacatur Pending Appeal filed by STATE OF FLORIDA. (PERCIVAL, JAMES) (Entered: 05/13/2023) |
| 05/13/2023 | 15 | ORDER SHORTENING RESPONSE PERIOD − Plaintiff shall have until noon central time on Monday, May 15, 2023, to respond to Defendants' motion to stay 13 and explain why the TRO should not be converted into a preliminary injunction. By that same deadline, **5/15/2023**, each party may submit a proposed preliminary injunction for the Court's consideration in the event the Court decides to deny the motion to stay and grant Plaintiff's request to convert the TRO into a preliminary injunction. (Internal deadline for referral to judge if response not filed earlier: **5/15/2023**). Signed by JUDGE T KENT WETHERELL II on 5/13/2023. (erl) (Entered: 05/13/2023) |
| 05/14/2023 | 16 | NOTICE of Joint Stipulation Regarding Further Proceedings by STATE OF FLORIDA (PERCIVAL, JAMES) (Entered: 05/14/2023) |
| 05/15/2023 | 17 | ORDER TO SHOW CAUSE. It has come to the Court's attention that there are published news reports stating that DHS "paroled" 2,500 aliens after the Court entered its temporary restraining order. No later than 2:00 p.m. central time today, Defendants shall file a report with the Court addressing the allegations in the article referenced above, and if the allegations are true, Defendants shall show cause why they should not be held in contempt for violating the temporary restraining order. (SEE FULL ORDER) Signed by JUDGE T KENT WETHERELL II on 05/15/23. (Show Cause Response due by 2:00 p.m. central time on **5/15/2023**. (jfj) (Entered: 05/15/2023) |
| 05/15/2023 | 18 | ORDER. The preliminary injunction hearing scheduled for May 19, 2023, is cancelled. The parties shall confer in an effort to reach a stipulation regarding the number of daily |

|            |    |    |
|------------|----|-----|
|            |    | encounters during the days or weeks leading up to the expiration of the Title 42 Order and the number of daily encounters since. The stipulation shall be filed as soon as possible today, preferably by the deadline for the proposed preliminary injunctions. If the parties cannot reach a stipulation, they shall explain in their proposed preliminary injunctions why the Court cannot take judicial notice of the statements that have been attributed to the DHS Secretary about the lower−than−expected number of encounters in evaluating the weight of the evidence currently before the Court and determining whether to stay the TRO and/or enter a preliminary injunction. (SEE FULL ORDER) Signed by JUDGE T KENT WETHERELL II on 05/15/23. (jfj) (Entered: 05/15/2023) |
| 05/15/2023 | 19 | According to the parties' 16 Notice of Joint Stipulation Regarding Further Proceedings, Florida has withdrawn its 11 Motion to Compel Production of Administrative Record and for Limited Discovery without prejudice to filing a similar motion later in the proceedings as may be appropriate. The Clerk of Court, therefore, is directed to terminate the motion 11 . The hearing scheduled for today at 3:30pm (EST) is canceled. (See Doc. 12). Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 5/15/2023. (hmw) (Entered: 05/15/2023) |
| 05/15/2023 | 20 | NOTICE of Appearance by SARAH B FABIAN on behalf of All Defendants (FABIAN, SARAH) (Entered: 05/15/2023) |
| 05/15/2023 | 21 | RESPONSE in Opposition re 13 Emergency MOTION to Stay re 10 Temporary Restraining Order,,, and Vacatur Pending Appeal filed by STATE OF FLORIDA. (PERCIVAL, JAMES) (Entered: 05/15/2023) |
| 05/15/2023 | 22 | NOTICE of Filing Proposed Order by STATE OF FLORIDA (PERCIVAL, JAMES) (Entered: 05/15/2023) |
| 05/15/2023 | 23 | NOTICE of Appearance by DANIEL WILLIAM BELL on behalf of STATE OF FLORIDA (BELL, DANIEL) (Entered: 05/15/2023) |
| 05/15/2023 | 24 | NOTICE filing Proposed Order by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES (FABIAN, SARAH) (Entered: 05/15/2023) |
| 05/15/2023 | 25 | NOTICE by STATE OF FLORIDA re 21 Response in Opposition to Motion, 22 Notice (Other) (PERCIVAL, JAMES) (Entered: 05/15/2023) |
| 05/15/2023 | 26 | RESPONSE TO ORDER TO SHOW CAUSE by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES. (Attachments: # 1 Exhibit) (FABIAN, SARAH) (Entered: 05/15/2023) |
| 05/15/2023 | 27 | NOTICE Declaration − Attachment A by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES re 26 Response to Order to Show Cause (FABIAN, SARAH) (Entered: 05/15/2023) |
| 05/15/2023 |    | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 21 FLORIDA'S RESPONSE TO DEFENDANTS' EMERGENCY STAY MOTION, 22 FLORIDA'S PROPOSED ORDER, 25 Notice (jfj) (Entered: 05/15/2023) |
| 05/15/2023 |    | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 24 NOTICE filing Proposed Order by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES. (jfj) (Entered: 05/15/2023) |
| 05/15/2023 |    | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 26 Response to Order to Show Cause, 27 NOTICE Declaration − Attachment A by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES re 26 Response to Order to Show Cause. (jfj) (Entered: 05/15/2023) |
| 05/15/2023 | 28 | NOTICE Joint Notice of Compliance with ECF No. 18 by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES re 18 Order,,, (FABIAN, SARAH) (Entered: 05/15/2023) |
| 05/15/2023 | 29 | ORDER DENYING STAY. DHS's motion to stay the TRO (Doc. 13 ) is DENIED. The Court will rule on DHS's request to convert the TRO into a preliminary injunction in the next day or so. Signed by JUDGE T KENT WETHERELL II on 5/15/2023. |

| | | |
|---|---|---|
| | | (pmc) (Entered: 05/15/2023) |
| 05/16/2023 | 30 | PRELIMINARY INJUNCTION. DHS is enjoined from implementing or enforcing the parole policy contained in the May 10, 2023, Memorandum from U.S. Border Patrol Chief Raul Ortiz, titled "Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions)," pending disposition of this case or further order of the Court. The parties shall file a status report 14 days from the date of this Order explaining how they intend to proceed with this case in this Court pending resolution of DHS's expected appeal of the preliminary injunction, and unless the parties agree that this case should be stayed pending appeal, the status report shall include a proposed scheduling order. Signed by JUDGE T KENT WETHERELL II on 05/16/23. (Status Report due by **5/30/2023**.) (jfj) (Entered: 05/16/2023) |
| 05/16/2023 | 31 | ORDER. The Order to Show Cause is discharged as to the 2,576 aliens released under the Parole with Conditions policy after the TRO went into effect, but DHS shall file periodic reports on the status of those aliens containing the information described above. The first report is due 60 days from the date of this Order, which roughly corresponds to the period within which those aliens are required report to ICE to be issued NTAs under the Parole with Conditions policy. Consideration of the Order to Show Cause is deferred as to the 167 aliens who may have released under the Parole with Conditions policy even though their processing may not have been fully complete when the TRO took effect, and DHS shall file supplemental information about the circumstances of those aliens' releases on or before Friday, May 19, 2023. Signed by JUDGE T KENT WETHERELL II on 05/16/23. (Report due by **7/17/2023**.) (jfj) (Entered: 05/16/2023) |
| 05/17/2023 | 32 | NOTICE OF APPEAL as to 30 Preliminary Injunction,,,, Set Deadlines/Hearings,,, by ALEJANDRO MAYORKAS, RAUL ORTIZ, UNITED STATES. ( (DARROW, JOSEPH) (Entered: 05/17/2023) |
| 05/18/2023 | 33 | Appeal Instructions re: 32 Notice of Appeal : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh−circuit−transcript−information−form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **5/31/2023**. (jfj) (Entered: 05/18/2023) |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

STATE OF FLORIDA,

     Plaintiff,

v.                                    Case No.  3:23-cv-9962

ALEJANDRO MAYORKAS;
et. al,

     Defendants.

_____

## <u>NOTICE OF APPEAL</u>

Pursuant to 8 U.S.C. § 1292(a)(1) and Federal Rule of Appellate Procedure 3, notice is hereby given that all Defendants appeal to the United States Court of Appeals for the Eleventh Circuit from the Court's Order of May 16, 2023, ECF No. 30, entering a preliminary injunction, as well as any and all associated opinions and orders.

Date:  May 17, 2023

Respectfully submitted,

JASON R. COODY
*United States Attorney*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**STATE OF FLORIDA**,

     **Plaintiff**,

**v.**                                        **Case No. 3:23cv9962-TKW-ZCB**

**ALEJANDRO MAYORKAS**, **et al.**,

     **Defendants**.

_____/

## <u>PRELIMINARY INJUNCTION</u>

This case involves a challenge to an immigration policy known as "Parole with Conditions."[1]  The case has proceeded at a breakneck pace since it was filed last Wednesday, with extensive briefing and multiple orders being issued on an expedited basis.  Currently, the issue before the Court is whether the temporary restraining order (TRO) issued last Thursday should be converted into a preliminary injunction that will remain in effect during the pendency of this case.  This, in turn, will allow Defendants (collectively, "DHS") to seek review of the Court's decision enjoining the challenged policy from a higher court—first, the Eleventh Circuit, and then, if necessary, the Supreme Court.

---

[1]  The policy is contained in a May 10, 2023, memorandum issued by U.S. Border Patrol (USBP) Chief Raul Ortiz, titled "Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions)."  *See* Doc. 5-1.

## Background

For sake of brevity, the Court will not repeat here what it has said on multiple prior occasions about the ongoing immigration "crisis" at the Southwest Border and the circumstances that contributed to it. Suffice it to say, the Parole with Conditions policy is the latest in a series of policies adopted by DHS over the past two years to expedite the release of aliens arriving at the Southwest Border into the country instead of detaining them until their immigration proceedings are concluded as required by 8 U.S.C. §1225(b).

The Court vacated one of the prior policies—the "Parole+ATD" policy—in an earlier case filed by Florida against DHS. *See Florida v. United States*, Case No. 3:21cv1066, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023). DHS did not appeal the decision in that case until May 5, 2023—the next to last business day of the appeal period and five days before it adopted the Parole with Conditions policy.[2]

On Wednesday, May 10, Florida filed a complaint in this Court challenging the legality of the Parole with Conditions policy. The case was randomly assigned to me.

The next morning, Florida filed an emergency motion for a TRO. DHS was ordered to file a response that afternoon, which it did. That night, after considering

---

[2] Florida filed a cross-appeal today, presumably so it can argue on appeal that the Court also should have vacated DHS's overriding "non-detention policy" that the Court found to be contrary to the immigration statutes but not subject to judicial review.

the parties' filings, the Court entered a TRO enjoining DHS from "implementing or enforcing" the Parole with Conditions policy. *See* Doc. 10.

Over the weekend, DHS filed a motion to stay the TRO. Florida was ordered to file a response by mid-day yesterday, which it did. Last night, the Court entered an order denying the stay. *See* Doc. 29.

The Court scheduled a hearing for this Friday, May 19, to consider whether to convert the TRO into a preliminary injunction, but the Court cancelled the hearing yesterday after the parties entered into a stipulation (Doc. 16) waiving their rights to a hearing and agreeing on the evidence that the Court could consider in deciding whether to convert the TRO into a preliminary injunction.

The Court has carefully considered the parties' filings in support of and in opposition to preliminary injunctive relief, including the parties' stipulation, the declarations and other evidence submitted by DHS (*see* Docs. 9-2, 13-1, 13-2, 26-1, 27), the USBP statistical data (*see* Doc. 28), the parties' proposed orders (*see* Docs. 22, 24), and the relevant portions of the trial record in the *Florida* case.[3] The Court

---

[3] The parties agreed that the Court may consider evidence from the trial record in the *Florida* case "only to the extent relevant here." Doc. 16 at 2. The parties agree that the evidence in the *Florida* case is relevant to the issue of standing, but DHS disputes whether that the evidence establishes standing here, and it also appears to dispute that evidence about the Parole+ATD policy at issue in *Florida* is relevant to the balancing of the equities in this case. *Id.* at 2-3. The Court rejected DHS's position on the issue of standing in the order denying a stay of the TRO, *see* Doc. 29 at 6-7, and the Court finds that the circumstances of the *Florida* case (including the vacatur of the Parole+ATD policy) are relevant to various injunction factors, as discussed below and in the prior orders entered in this case.

sees no need for a lengthy order because the Court has entered multiple orders over the past few days analyzing the facts under the same legal standard that governs the issuance of a preliminary injunction.   Thus, in the interest of brevity and an expeditious ruling, this order will simply incorporate by reference the analysis in those prior orders, except in a few instances where additional discussion is warranted based on the new data or arguments that were not specifically addressed in the prior orders.

### Analysis

The Court has the authority to issue a preliminary injunction under Fed. R. Civ. P. 65(a).

Both parties have asked the Court to enter a preliminary injunction.  Florida requested a preliminary injunction in its complaint and the parties agreed that its filings to date can be treated as its motion for preliminary relief, *see* Doc. 16 at 1; and even though DHS does not agree that a TRO should have been entered, it asked the Court to convert the TRO into a preliminary injunction so it can seek appellate review of the Court's decision to enjoin the Parole with Conditions policy, *see* Doc. 13 at 15-17.

To obtain a preliminary injunction, Florida has the burden to prove that "(a) there is a substantial likelihood of success on the merits; (b) the … preliminary injunction is necessary to present irreparable injury; (c) the threatened injury

4

outweighs the harm that the … preliminary injunction would cause to the non-movant; and (d) the … preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  The Supreme Court has stated that "the first two factors … are the most critical," *Nken v. Holder*, 556 U.S. 418, 434 (2009), but the Eleventh Circuit has suggested that "[t]he first of the four prerequisites to temporary injunctive relief is generally the most important," *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005).  Here, as discussed below, all four factors weigh in favor of granting a preliminary injunction.

With respect to the first factor (substantial likelihood of success), Florida alleged in the complaint that the Parole with Conditions policy violates the Administrative Procedure Act (APA) because it is contrary to law (Count 1), arbitrary and capricious (Count 2), and was not adopted through "notice and comment" procedures (Count 3).  The Court has no trouble finding that Florida has a substantial likelihood of ultimately showing that it has standing to challenge the Parole with Conditions policy and that it is likely to succeed on its claim that the policy is contrary to law for the reasons more fully stated in the TRO (*see* Doc. 10 at 8-11), the order denying a stay of the TRO (*see* Doc. 29 at 4-8), and the *Florida* decision invalidating the materially indistinguishable Parole+ATD policy (*see* 2023 WL 2399883 at *16-20, *29-31).  The Court also finds that Florida has a substantial

likelihood of success on its "notice and comment" claim for the reasons stated in the TRO (*see* Doc. 10 at 8 n.5).[4]  The Court does not find persuasive any of DHS's arguments to the contrary on these points for the same reasons that the Court found in the order denying a stay of the TRO that DHS was not likely to succeed on its appeal.  *See* Doc. 29 at 4-8.

With respect to the second factor (irreparable harm to the movant), the Court finds that a preliminary injunction is necessary to prevent irreparable harm to Florida for the reasons stated in the TRO (*see* Doc. 10 at 12-13) and reaffirmed in the order denying a stay of the TRO (*see* Doc. 29 at 11-12).

With respect to the third factor (harm to the non-movant), the Court finds that the harm to Florida is not outweighed by the harm that the preliminary injunction will allegedly cause DHS because, as explained in the order denying a stay of the TRO, the Court is simply not persuaded that enjoining the Parole with Conditions policy is as big of a deal as DHS is making it.  *See* Doc. 10 at 8-11.  The finding on this point in the order denying a stay of the TRO is bolstered by the USBP data filed

---

[4]  The Court is not in a position to say at this point whether the Parole with Conditions policy is arbitrary and capricious because that determination will likely be made based on the administrative record, which has not yet been produced.  That said, the Court will be interested to see how DHS justifies the policy in light of the evidence in the *Florida* case showing that similar prior policies that relied on aliens to self-report to Immigration and Customs Enforcement facilities to receive charging documents forced DHS to expenditure of considerable time and money down the road to track down the substantial number of aliens who (not surprisingly) did not self-report.

after that order was posted,[5] which shows that encounters at the border have dropped significantly after the expiration of the Title 42 Order.  Indeed, as of two days ago, the number of aliens arriving the border was about one-third of the number predicted in the declaration that DHS relied on in support of its argument that the sky will fall if it cannot release aliens under the Parole with Conditions policy.  *Compare* Doc. 13-1 at 6 (¶11) (predicting "an average of 12,000-14,000 noncitizen [encounters] per day" after the Title 42 Order expires on May 11) *with* Doc. 28 at 4 (showing that alien encounters dropped from 9,649 on May 11, to 6,251 on May 12, to 4,335 on May 13, to 4,193 on May 14).  Likewise, contrary to the prediction in the declaration that USBP was projected to grow to "over 45,000 individuals in custody by the end of [May]," Doc 13-1 at 6 (¶12), the USBP data shows that the number of individuals in custody has declined every day since the Title 42 Order expired, and as of May 14, only 22,259 aliens were in custody, *see* Doc. 28 at 6.[6]

---

[5] Technically, the USBP data was filed before the order was posted, but the Court put the order in the internal electronic folder to be posed by the Clerk and left the courthouse before seeing that the USBP data had been filed.  The USBP data would not have changed the Court's ruling on the motion to stay and, as discussed above, it bolsters the Court's decision not to give much weight to the declaration predicting dire consequences if USBP was prohibited from using the Parole with Conditions "processing pathway."

[6] The Court did not overlook that the data shows an increase in the average time-in-custody (TIC) after the expiration of the Title 42 Order and the entry of the TRO, but the most recent figure is just slightly above the 72-hour period that USBP facilities are designed to accommodate, according to the evidence in the *Florida* case.  Also, the most recent TIC figure is well below the 20-day period in the *Flores* case that DHS repeatedly pointed to in the *Florida* case as compelling expedited release of children and family units.  Moreover, it is unclear whether these TIC figures include the amount of time aliens spend in custody between the completion of their processing and their physical release.  This may be significant because DHS claimed in its response to the Order

With respect to the fourth factor (public interest), the Court finds that a preliminary injunction is in the public interest for the reasons stated in the TRO (*see* Doc. 10 at 13-14) and the order denying a stay of the TRO (*see* Doc. 29 at 13-16), and because it would promote respect for the rule of law by not allowing DHS to achieve what amounts to an end-run around this Court's decision in *Florida* through the adoption of a functionally identical policy to the Parole+ATD policy invalidated in that case. *See* Doc. 10 at 11 (agreeing with DHS that the *Florida* decision did not preclude DHS from using its parole authority in other ways, but explaining that "what DHS cannot do is adopt a functionally identical policy as the one the Court vacated in *Florida* and then expect a different outcome when the policy is challenged").

The Court did not overlook DHS's argument that the Court does not have the authority to enjoin the Parole with Conditions policy under the immigration statutes and/or that the TRO was overbroad and must be narrowed, but the Court finds those arguments unpersuasive for the reasons stated in the order denying a stay of the TRO. *See* Doc. 29 at 7-8.  The Court also did not overlook Florida's request that the Court

---

to Show Cause that it did not violate the TRO by releasing more than 2,500 aliens after the TRO went into effect because "implementation" of the Parole with Conditions policy is complete when the alien is "fully processed" even though the alien may not be physically released until the following morning. *See* Doc. 26-1 at 3 (¶¶9-10) (claiming that aliens "have been granted parole effective as of the time they are fully processed" even though they may remain in physical custody longer because USBP "generally does not release individuals overnight").  Thus, if the TIC figures include the time that aliens sometimes remain in custody after they are "paroled," those figures are likely overstated to some degree.

treat its filings as both a request for preliminary injunction and a request for a stay under the APA, 5 U.S.C. §705, but the Court tends to agree with DHS that an APA stay is unavailable because the Parole with Conditions policy was already in effect when Florida filed its complaint and that statute refers to "postpon[ing]" the effective date of the agency action.[7]

## Conclusion

In sum, for the reasons stated above, the Court finds that Florida is entitled to a preliminary injunction prohibiting DHS from "paroling" aliens into the country under the Parole with Conditions policy.  No bond is required for the reasons stated in the TRO. *See* Doc. 10 at 15 n.8.  A stay of the preliminary injunction is not warranted for the reasons stated in the order denying a stay of the TRO.  *See* Doc. 29 at 3 n.3.

Accordingly, it is **ORDERED** that:

1.    DHS is enjoined from implementing or enforcing the parole policy contained in the May 10, 2023, Memorandum from U.S. Border Patrol Chief Raul Ortiz, titled "Policy on Parole with Conditions in Limited Circumstances Prior to Issuance of a Charging Document (Parole with Conditions)," pending disposition of this case or further order of the Court.

---

[7]  That said, the Court need not definitively decide that issue because an APA stay would not give Florida any more relief than it is getting through the preliminary injunction

2.      The parties shall file a status report 14 days from the date of this Order explaining how they intend to proceed with this case in this Court pending resolution of DHS's expected appeal of the preliminary injunction, and unless the parties agree that this case should be stayed pending appeal, the status report shall include a proposed scheduling order.

        **DONE and ORDERED** this 16th day of May, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**