UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ALEJANDRO MAYORKAS, ) <br> Secretary of the ) <br> Department of Homeland Security, ) <br> in his official capacity; *et. al* ) <br> ) <br> *Defendants.* ) <br> ) | Civil Action No. 3:22-cv-9962 |

**DECLARATION OF DAVID S. BEMILLER**

I, David S. BeMiller, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, and documents and information made known or available to me as of the time of signature from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am employed with the U.S. Customs and Border Protection (CBP) as the Chief of Law Enforcement and Operations Directorate (LEOD), of the United States Border Patrol (USBP). I have been employed in this role since October 14, 2022. I began my career with the USBP in 1998 as a USBP Agent in Nogales, Arizona.

2. I submitted a declaration on May 15, 2023, to support Defendants' Response to Order to Show Cause filed in the U.S. District Court for the Northern District of Florida, Pensacola Division.

3. I submit this declaration to update the Court regarding the manual case review for the 167 individuals referenced in Paragraph 13(a) of my Declaration, and to inform the Court regarding an update on the data analysis regarding Parole with Conditions.

4. After manual review of the 167 individual cases identified in conjunction with my May 15 Declaration, USBP determined that each of the 167 individuals were fully processed under Parole with Conditions before 11:59 p.m. Eastern Time (ET), on May 11, 2023. This was determined, in most cases, by examining the processing history available in CBP's systems to confirm the time at which processing was, in fact, completed. The manual review determined that the lack of a process complete time for 130 individuals, and the process completion time after 11:59 p.m. ET on May 11, 2023, for 37 individuals, were data entry errors. Thus, those 167 individuals are properly counted as part of the 2,576 noncitizens identified in my May 15 Declaration who were process complete as of 11:59 p.m. ET on May 11, 2023, and released on May 12, 2023.

5. Additionally, CBP used this additional time to further analyze the data provided in my May 15 Declaration. The numbers provided in my May 15 Declaration reflected individuals coded with custody redetermination as "Parole with Conditions," which was the fastest and most straightforward way to analyze the data in a short timeframe. This week, CBP took the additional step to pull all data with the processing disposition of "Parole" and the inclusion of the Form I-385. Parole with Conditions was the only processing pathway at the time of the data analysis that utilized a Form I-385. This data analysis method took more time; however, this method better accounts for any possible coding errors at the time of processing or data entry. Thus, this data analysis method provided a helpful authentication on the original data analysis.

6. For the Court's understanding, any data analysis requires live data to be pulled into a centralized data warehouse before it can be queried. The updates and/or corrections in the system cause slight differences in results due to the time of the data pull because data needs to be pulled from a live system into a centralized data warehouse before it can be queried. While the live system updates instantaneously, the centralized data warehouse takes time to update and may not completely reflect the live data.

    a. Put another away, this centralized data warehouse is akin to a digital version of a large filing cabinet for records. CBP, and other United States government agencies, utilize this filing cabinet to maintain records. Using this analogy, when CBP updates its own records, those changes will not be reflected in the filing cabinet until CBP places its updated record into the filing cabinet. If the records in the filing cabinet are searched prior to CBP placing the updated record into the file cabinet, the information may be outdated, incomplete, or inaccurate.[1]

7. The more time the centralized data warehouse has to update, the more accurate a data pull will be (a process known as settling). Data settling refers to changes in the data as intake processing is finalized. Additionally, CBP data undergoes constant data validation and finalization. Because the data in the centralized data warehouse has had more time to settle, the data analysis we completed this week is going to be more accurate than the data pulled on Monday to meet the Court's original deadline.

8. This week's additional analysis and more extensive methodology described in Paragraph 5 showed there were a total of 8,807 cases processed as Parole with Conditions during the

---

[1] The Privacy Impact Assessment for this digital filing cabinet, Enforcement Integrated Database, can be found at the following website: https://www.dhs.gov/publication/dhsicepia-015h-enforcement-integrated-database-eid-criminal-history-information-sharing.

brief period Parole with Conditions was operational. In my original declaration this number was 6,413. Within the 8,807, there were 2,572 individuals who were recorded as released from CBP custody after May 11, 2023, at 11:59 p.m. ET. In my May 15 Declaration this number was 2,576. The current number differs from the number provided in my declaration on May 15, 2023, due to the difference in the methodology used to ensure a thorough and accurate pull of those processed for Parole with Conditions and due to the updates and/or corrections made in the system.

9. Of the 2,572 individuals who were recorded as released from CBP custody after May 11, 2023, the more extensive methodology for data analysis found that there were 173 records in the system that had processing completion time missing or marked after 11:59 p.m. ET on May 11, 2023. Upon further analysis, all but ten of these records were contained within the 167 individual cases reviewed as described in Paragraph 4. USBP conducted a manual review of the remaining ten records and determined that each of the ten individuals were fully processed under Parole with Conditions before 11:59 p.m. ET on May 11, 2023, and the time of process completion reflected in the system were data entry errors.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, as of the time of signature.

Executed this 19th day of May, 2023.

_____
David S. BeMiller
Chief of the Law Enforcement Operations Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
U.S. Department of Homeland Security