UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

  *Plaintiff*,

  v.                                              Case No. 3:23-cv-9962-TKW-ZCB

ALEJANDRO MAYORKAS, et al.,

  *Defendants*.

_____/

**JOINT STATUS REPORT**

As required by this Court's order, Doc. 30 at 10, the parties have conferred regarding how they intend to proceed in this case. Because the parties could not agree, they include competing proposed schedules below along with a summary of their positions.

**Florida's position**: Florida's amended complaint raises issues that this Court largely already addressed in *Florida v. United States*. In fact, only two issues are likely to require significant judicial labor: (1) whether the NTA/OR Policy is subject to judicial review and (2) whether the administrative record supports either policy. Further, Florida believes it will need only limited discovery. And Florida expects that discovery to focus on obtaining updated information on standing, especially because Defendants last week provided a copy to Florida of what Florida calls the

NTA/OR Policy. In light of that, and the fact that Florida would be seeking a preliminary injunction with respect to the NTA/OR Policy if not for the limits in 8 U.S.C. § 1252(f), Florida believes the Court should expedite this case.[1]

**Florida's proposal**:

| | |
|---|---|
| Deadline to respond to amended complaint | July 7, 2023 |
| Deadline to produce administrative records | July 24, 2023 |
| Discovery begins | Immediately |
| Discovery ends | September 25, 2023 |
| Rule 26(f) conference | 7 days from Court's order |
| Joint status report | 14 days from Rule 26(f) conference |
| Rule 26(a)(1) disclosures | 14 days from Rule 26(f) conference |
| Expert disclosures | August 1, 2023 |
| Rebuttal expert disclosures | August 31, 2023 |
| Amend pleadings | August 1, 2023 |
| Summary judgment and *Daubert* motions | September 28, 2023 |

**Defendants' position**: Defendants disagree with Plaintiff's proposal that full discovery should begin immediately, and therefore disagree with Plaintiff's proposed schedule. Put simply, Defendants propose that, other than limited

---

[1] Florida disagrees with Defendants' approach below of converting this joint status report into a brief. To the extent the Court desires briefing, Florida would appreciate the opportunity to file a response. Florida, however, briefly makes two points. First, it makes little sense to delay this case for jurisdictional discovery because the Court already concluded in *Florida v. United States* that Florida has standing to challenge similar release mechanisms. Second, because the only discovery Florida seeks at this stage relates to standing, Defendants' arguments for delaying discovery on the merits are misplaced.

discovery on the issue of jurisdiction, discovery should not begin until the Court decides Defendants' motion to dismiss, which they are entitled to file under Rule 12.

Allowing discovery regarding the Court's jurisdiction over Plaintiff's claims is essential for the Court to determine if those claims should be permitted to proceed. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Steinberg v. Alpha Fifth Group*, No. 04–60899–CIV, 2008 WL 906270, at *10 (S.D. Fla., Mar.31, 2008) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978)). The Eleventh Circuit recognizes a right for the parties to develop facts sufficient to support a determination on the issue of jurisdiction. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). The Court's power in this regard "is not entirely discretionary," and limited jurisdictional discovery should be ordered where the information sought, if in existence, would give rise to jurisdiction. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 790 (11th Cir. 2014) (quoting *Eaton*, 692 F.2d at 729).

This Court may not consider the merits of Plaintiff's claims until it is satisfied Plaintiffs have standing to assert those claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, (2007) (holding that courts "may not assume jurisdiction for the purpose of deciding the merits of the case"). Consequently, courts

3

considering challenges to federal immigration policy have frequently declined to proceed to the merits until after allowing for any jurisdictional discovery necessary to resolving a Rule 12(b) motion. *See, e.g.*, Order, *Texas v. Mayorkas*, 2:22-cv-094 (N.D. Tex. Aug. 3, 2022) (extending deadline to respond to the complaint to allow parties to complete jurisdictional discovery and staying all other deadlines until after defendants respond to the complaint and the court resolves any motion to dismiss); Order, *Texas v. Biden*, 3:22-cv-00780 (N.D. Tex. Aug. 22, 2022) (staying answer deadline to allow time for jurisdictional discovery); Order, *Indiana v. Biden*, 1:22-cv-00192 (Sept. 19, 2022) (same); Scheduling Order, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. July 21, 2022) (ordering the parties to confer on a timeline for jurisdictional discovery related to potential motions under Rule 12 and staying Defendants' deadline to respond to the complaint in the interim). Here, notably, Plaintiff's challenge a program that was in effect for only one day, and a program that Defendants dispute constitutes a formal agency action or policy whose consequences can be readily identified. Thus, Defendants submit that it is appropriate for the parties to engage in an expedited period of jurisdictional discovery before Defendants file their motion to dismiss.

Defendants further submit that allowing the Court to decide Defendants' motion to dismiss before proceeding to discovery on the merits will cause no prejudice to Plaintiff, and will best preserve the resources of the Court and the parties

in this litigation. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.") (footnote omitted). Plaintiff's Amended Complaint contains newly-added claims challenging what Plaintiff alleges is a policy by Defendants to streamline the release of individuals with a Notice to Appear on their own recognizance (NTA/OR). ECF No. 43 ¶¶ 36-44, 54-65. This is similar to their "non-detention" claim in prior litigation that this Court has already held is "not a judicially reviewable agency action." *See Florida v. United States*, 2023 WL 2399883, at *26 (N.D. Fla. Mar. 8, 2023). Plaintiff now speculates that such a policy exits based on statements by Defendants' witnesses that the Border Patrol is seeking to "utilize [the NTA/OR] processing pathway to the greatest extent possible." Amended Complaint, ECF No. 43 ¶¶ 36-43 (quoting ECF No. 9-2 ¶ 6(f)). But nothing in Plaintiff's Amended Complaint rises beyond speculation that a policy exists where this Court has previously concluded that it does not.

In addition to any jurisdictional challenges, Defendants intend to file a Rule 12(b)(6) motion to dismiss these newly-added claims. In order to determine whether discovery should proceed when a motion to dismiss is pending, courts often look to the nature of the motion to dismiss. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "In deciding whether to stay discovery pending resolution of a

5

pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* Here, there is no harm to Plaintiff if merits discovery does not begin until after the motion to dismiss is decided, and there is a strong possibility that the Court's decision on the motion to dismiss will obviate the need for discovery, or at least will provide needed clarity on the form that discovery should take.

First, there is no harm to Plaintiff in waiting to proceed to discovery on Plaintiff's claims regarding parole with conditions. Those claims currently are being considered on an expedited basis by the Eleventh Circuit. They are brought under the APA and therefore are subject to review only on the administrative record, with final resolution of those claims likely being had on motions for summary judgment. There is no good reason for the parties to proceed immediately with production of the administrative record and summary judgment briefing on these claims while the appeal is pending because the Eleventh Circuit's decision in the currently-pending appeal may well be dispositive of these claims, or at least will provide beneficial guidance as to their resolution. Defendants submit that proceeding with resolution of their motion to dismiss followed by a period of merits discovery on any remaining claims—including production of the administrative record on the parole with conditions policy—most likely will provide time for the Eleventh Circuit to resolve

6

the pending expedited appeal, thereby giving the parties this Court the benefit of the Eleventh Circuit's decision in reaching a final resolution on the parole with conditions claims.

Second, there is also good reason not to proceed with merits discovery on Plaintiff's NTA/OR claims until after the Court decides Defendants' motion to dismiss those claims, particularly where Plaintiff is seeking to revive claims that are very similar to ones that this Court has already concluded are not judicially reviewable. Plaintiff's amended complaint challenges what it alleges is a policy by Defendants to streamline NTA/OR. Defendants dispute that any such policy or final agency action exists related to NTA/OR. Because this Court has previously found that there is no agency action to form the basis of Plaintiff's similar "non-detention" claims, it is likely that the Court's resolution of the parties' positions with regard to NTA/OR will result in their dismissal, or at a minimum will substantially narrow the need for discovery and provide guidance as to what form such discovery should take. Thus, the Court and the parties will benefit from allowing final resolution of Defendants' motion to dismiss before discovery begins on these newly-added claims.

Defendants submit, therefore, that merits discovery should not proceed while their motion to dismiss is pending, and the parties should meet and confer within seven days after the Court issues an order on Defendants' motion to dismiss to

7

propose a scheduled for any necessary discovery—including production of the administrative record related to the parole with conditions policy—and for resolution of both sets of claims together. Nonetheless, if the Court determines that discovery should proceed while Defendants' motion to dismiss is pending, then at a minimum Defendants should be allowed the time afforded to them under the Federal Rules of Civil Procedure and the Local Rules to file their motion and proceed with discovery. Therefore, Defendants' deadline to file their motion to dismiss should be due no earlier than July 15, 2023, and the parties' deadline to hold a Rule 26(f) conference should be July 24, 2023, with other discovery dates following from there.

**Defendants' proposal:**

For the reasons discussed above, Defendants propose the following schedule:

- June 19 through July 21, 2023 – Limited expedited discovery on the issue of the Court's jurisdiction over all claims in Plaintiff's Amended Complaint
- August 4, 2023 – Defendants file a motion to dismiss to include the claims that were newly-added to this case in Plaintiff's Amended Complaint as well as any jurisdictional challenges to Plaintiff's parole with conditions claims[2]
- August 18, 2023 – Plaintiff files its opposition to the motion to dismiss
- August 25, 2023 – Defendants file a reply in support of their motion to dismiss
- September 8, 2023 or later – Oral argument on the motion to dismiss if desired by the court

---

[2] Alternatively, should the Court prefer that Defendants file their motion to dismiss before jurisdictional discovery closes, the Court should permit the parties to file simultaneous supplemental briefs prior to its ruling on the motion to dismiss to address the evidence produced during jurisdictional discovery.

- Seven days after a Court order on the motion to dismiss – parties to meet and confer on a schedule for discovery on the remaining claims

In the alternative, if the Court determines that discovery should proceed while Defendants' motion to dismiss is pending, Defendants propose the following dates in lieu of those proposed by Plaintiff:

| | |
|---|---|
| Deadline to respond to amended complaint. | July 17, 2023 (as July 15 is a Saturday). |
| Deadline to produce administrative records. | August 14, 2023 |
| Discovery begins. | July 24, 2023 |
| Discovery ends. | October 30, 2023. |
| Rule 26(f) conference. | July 24, 2023 |
| Joint status report. | 14 days from Rule 26(f) conference. |
| Rule 26(a)(1) disclosures. | 14 days from Rule 26(f) conference. |
| Expert disclosures. | September 5, 2023. |
| Rebuttal expert disclosures. | October 2, 2023. |
| Amend pleadings. | September 5, 2023. |
| Summary judgment and *Daubert* motions. | November 3, 2023. |

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL
*/s/ James H. Percival*
James H. Percival (FBN 1016188)
CHIEF OF STAFF
Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL
Joseph E. Hart (FBN 124720)
COUNSELOR TO THE ATTORNEY GENERAL
Anita Patel (FBN 70214)
ASSISTANT BUREAU CHIEF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL
Daniel W. Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*

EREZ REUVENI
*Assistant Director*

10

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
*Senior Litigation Counsel*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-4824
sarah.b.fabian@usdoj.gov

*Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

I certify that on June 12, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

*/s/ James H. Percival*
Chief of Staff
