UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                            Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.
_____/

## ORDER

Upon due consideration of the parties' joint status report (Doc. 45), and based on the discussions held at the telephonic scheduling conference on June 21, 2023, it is **ORDERED** that:

1. The parties may begin discovery on the issue of standing immediately.

2. The deadline for Defendants to answer or otherwise respond to the amended complaint is tolled pending further order.

3. The parties shall file a status report within 7 days after the Supreme Court issues its opinion in *United States v. Texas*, No. 22-58, along with a proposed case management schedule.

4. The proposed case management schedule shall, at a minimum, include deadlines for (a) Plaintiff to file a second amended complaint that attaches the actual challenged policies, (b) Defendants to answer or otherwise respond to the operative

amended complaint, (c) completing discovery on the issue of standing, (d) producing the administrative record(s) for the challenged policies, and (e) filing and briefing cross-motions for summary judgment on the merits.[1]  The parties shall consider whether the summary judgment briefing deadlines should be tied to the Eleventh Circuit's decision in the pending appeals, Case Nos. 23-11528, 23-11642, 23-11644, so the motions will not have to be re-briefed after the Eleventh Circuit rules.

5.  If the parties cannot agree on a proposed schedule or if they believe that another telephonic scheduling conference would be helpful to resolve any differences, the status report shall propose several mutually agreeable dates and times during the week after the status report is filed for the conference.

**DONE and ORDERED** this 21st day of June, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] At this point, the Court is not inclined to bifurcate the issue of standing as proposed by Defendants in the status report because the resolution of that issue will likely be intertwined with the merits.  Instead, the Court anticipates resolving the issue of standing at the summary judgment stage or, if an evidentiary hearing is necessary on that issue, at a hearing held in conjunction with oral argument on the cross-motions for summary judgment on the merits.