UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                        Case No. 3:23cv9962-TKW-ZCB

**ALEJANDRO MAYORKAS**, et al.,

    **Defendants**.

_____/

## ORDER

This case is before the Court based on a review of Defendants' September status report (Doc. 56). The report explains that all but 100 of the 2,572 aliens who were released after the temporary injunction went into effect have now "checked in" but only 52% (1290/2472) of those aliens have been served with a "charging document." That means that 48% (1182/2472) of the aliens who have checked in have not been issued a notice to appear (NTA) or other charging document and, thus, are presumably still not in any sort of immigration proceeding.

It is hard for the Court to understand why all 2,572 aliens (or at least those that Defendants can find) have not been issued an NTA or other charging document by now because, at this point, they have been in the country for more than 120 days longer than they should have been. Also, putting aside the fact that none of the aliens released under the Parole with Conditions (PWC) policy had a legal basis to be

released into the country in the first place, *see* Docs. 10, 30, it is unclear what legal basis the 1,182 aliens who have checked-in but have not been issued an NTA or other charging document have to still be in the country because, under the terms of the PWC policy, their "parole" was supposed to be "automatically terminated upon expiration of the period for which parole was authorized" and that period was supposedly to be only 60 days. *See* Doc. 5-1 at 5. The Court did not overlook that the PWC policy states that "DHS will make a separate, independent determination, <u>after processing the individual for appropriate removal proceedings</u>, whether to release the individual on parole during the pendency of such proceedings," *id.* at 6 (emphasis added),[1] but on its face, that does not appear to apply to aliens who have checked in but have not yet been issued an NTA or other charging document.

Accordingly, in addition to the information required by the prior orders (Docs. 31, 36), it is **ORDERED** that:

1. Defendants' next status report shall explain (a) why all aliens who have "checked in" have not been issued an NTA or other charging document by now; (b) how long after the alien checks in it is taking for Defendants to issue an NTA or other charging document and why it is taking so long to do so; and (c) the purported

---

[1] DHS likely does not have the authority to release these aliens pending completion of their immigration proceedings, *see Florida v. United States*, 2023 WL 2399883, at 26-28 (N.D. Fla. Mar. 8, 2023), but that is an issue for another day.

legal basis pursuant to which the aliens who have checked-in but are not yet in immigration proceedings are still in the country.

2.   Each subsequent status report shall also explain what enforcement action, if any, was taken against each of the 100 aliens who were still unaccounted for in the September status report as they are located.

**DONE and ORDERED** this 27th day of September, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

3