**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA,

*Plaintiff,*

v.

ALEJANDRO MAYORKAS, Secretary of
Homeland Security, in his official capacity;
RAUL ORTIZ, Chief of Border Patrol, in his
official capacity; the UNITED STATES OF
AMERICA.

*Defendants*.

Civil Action No. 3:23-cv-09962-TKW-
ZCB

**DECLARATION OF ASSISTANT DIRECTOR**
**MARC A. RAPP**

I, Marc A. Rapp, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge,

experience as a law enforcement officer, and documents and information made known or

available to me from official records and reasonably relied upon in the course of my employment,

hereby declare as follows:

1.  I am providing this declaration in accordance with the orders issued by the U.S.

    District Court for the Northern District of Florida, Pensacola Division, in *Florida*

    *v. Mayorkas*, No. 23-9962 (N.D. Fla. May 16, 2023). ECF Nos. 31, 54, 58, 65. In

    the court's December 20th order, ICE shall (1) "provide an  updated summary of

    the status of all 2,572 aliens who were released after the court enjoined the PWC

policy—i.e., checked in and issued an NTA, checked in but not issued an NTA, or not checked in/unaccounted for;" (2) "provide an updated summary chart of the check-in locations;" (3) "identify the number of unaccounted for aliens who have checked in since the last report, along with the date and location of the check-in, whether an NTA was issued at check in, and whether any enforcement action was taken against the alien other than the issuance of an NTA;" (4) "identify the number of aliens who have been issued an NTA since the last report, along with when and how the NTA was issued, whether the alien was released or detained after the NTA was issued, and what legal authority the releases were based;" and (5) "identify how many of the 2,572 aliens who were released after the PWC policy was enjoined are still in the country and, of those, how many are detained." ECF No. 65.

2. This declaration is based upon my personal knowledge and information obtained from other individuals employed by ICE and DHS records. This declaration also incorporates the information previously provided in prior declarations filed by ICE with the Defendant's Response to the Court's May 16 and 22, 2023 Orders. ECF Nos. 53, 55, 56.

3. Attached hereto as Exhibit 1 is a true and accurate copy of "Parole with Conditions (PAWC) Report_20240214" that ICE generated on February 14, 2024, at 4:17 PM in response to the Orders. This report is based on data provided by U.S. Customs and Border Protection (CBP), which identified 2,572 noncitizens released after 11:59 pm on May 11, 2023, and processed under the memorandum from Raul L. Ortiz, former Chief, U.S. Border Patrol, *Policy on Parole with Conditions in*

*Limited Circumstances Prior to the Issuance of a Charging Document (Parole with Conditions)* (May 10, 2023).[1] However, on February 8, 2024, during manual review of the data provided by CBP, ICE identified a discrepancy with one case, specifically the A number and the personal information (e.g., name) did not match. On February 12, 2024, CBP provided the correct A number for the individual and ICE manually edited the report to include the correct A number and remove the personal information of the incorrectly included individual. The responses below are the result of this manual correction.  This did not materially change the overall information provided in prior reports as the number of individuals processed under PWC by USBP, subsequently checking-in, and NTAs accepted by EOIR.  This appears to be isolated to a single case

4. Understanding that these reports shall be filed on the public docket, this information has been anonymized to ensure the personal identifying information of the noncitizens remains private. ERO Law Enforcement System and Analysis (LESA) Statistical Tracking Unit (STU) considered ICE guidance for the identification and disclosure of information protected by 8 U.S.C. § 1367 (Section 1367) in its analysis and did not identify noncitizens with protected status for this production.

5. In response to question number one, the attached data shows that of the 2,572 noncitizens identified in this cohort, as of February 4, 2024, 2,540 have checked in with ICE, while 32 have not checked in.

---

[1] This report attached as Exhibit 1 reflects data from the following sources: 1) The Unified Immigration Portal (UIP); 2) Check in and charging document data extracted from the Enforcement Integrated Database (EID); 3) FOAS data; 4) EARM data; 5) EOIR data; 6) ECCO data, or 7) OCOA data.

6.  In response to question number two: below is a breakdown of the number of noncitizens who checked in with specific ICE ERO Offices:

| Check-In Location | Count |
|---|---:|
| Atlanta, GA | 141 |
| Baltimore, MD | 48 |
| Boston, MA | 209 |
| Buffalo, NY | 18 |
| Chicago, IL | 253 |
| Dallas, TX | 120 |
| Denver, CO | 95 |
| Detroit, MI | 73 |
| El Paso, TX | 24 |
| Houston, TX | 52 |
| Los Angeles, CA | 102 |
| Miami, FL | 177 |
| New Orleans, LA | 93 |
| New York City, NY | 437 |
| Newark, NJ | 140 |
| Philadelphia, PA | 62 |
| Phoenix, AZ | 27 |
| Salt Lake City, UT | 58 |
| San Antonio, TX | 47 |
| San Diego, CA | 6 |
| San Francisco, CA | 170 |
| Seattle, WA | 48 |
| St. Paul, MN | 43 |
| Washington, DC | 97 |
| **Total** | **2,540** |

Please note that the "Check-In Location" for an in-person check-in reflects the Area of Responsibility (AOR) where it occurred and for an online check-in, Check-in Location reflects the location where the appointment was made.

7.  In response to question three, there is one new check-in since the prior report.

However, the individual did not check-in at an ICE office but instead filed a Form I-589, Application for Asylum and Witholding of Removal, with U.S. Citizenship and Immigration Services (USCIS). ICE ERO did not encounter this individual. Relatedly, due to a data anomaly, one individual who was on the December report as a check-in was not accounted for in the January report resulting in a total check-in number of 2,538. That data has since been recovered which is why the total number of check-ins is 2,540 despite only having one new check-in.

8.  In response to question four, out of the 2,540 noncitizens who have checked in, 2,189 individuals have been served with a charging document. There are five new charging documents issued since the prior report. One of the five new charging documents was served via mail and therefore, no enforcement action was taken at the time of NTA service. The remaining four were served in person, and one enforcement action was taken at the time of the NTA service.

9.  In response to question five, 11 noncitizens were removed by ICE or ICE has verified their departure from the United States. One noncitizen is currently detained in ICE custody. ICE cannot provide additional information on the remaining individuals as ICE does not have the ability to readily confirm when an individual leaves the United States except through removal efforts or verified departures.

Executed this 20th day of February 2024, in Washington, D.C.

MARC A RAPP  Digitally signed by MARC A RAPP
Date: 2024.02.20 08:55:17 -05'00'

Marc A. Rapp
Assistant Director
Law Enforcement Systems and Analysis
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security