UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA, <br><br> *Plaintiff*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of Homeland Security, in his official capacity; RAUL ORTIZ, Chief of Border Patrol, in his official capacity; the UNITED STATES OF AMERICA. <br><br> *Defendants*. | Civil Action No. 3:23-cv-09962-TKW-ZCB |

**DECLARATION OF ACTING ASSISTANT DIRECTOR
DONNA VASSILIO-DIAZ**

I, Donna Vassilio-Diaz, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, experience as a law enforcement officer, and documents and information made known or available to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am providing this declaration in accordance with the orders issued by the U.S. District Court for the Northern District of Florida, Pensacola Division, in *Florida v. Mayorkas*, No. 23-9962 (N.D. Fla. May 16, 2023). ECF Nos. 31, 54, 58, 65. In the court's December 20th order, ICE shall (1) "provide an updated summary of the status of all 2,572 aliens who were released after the court enjoined the PWC

policy—i.e., checked in and issued an NTA, checked in but not issued an NTA, or not checked in/unaccounted for;" (2) "provide an updated summary chart of the check-in locations;" (3) "identify the number of unaccounted for aliens who have checked in since the last report, along with the date and location of the check-in, whether an NTA was issued at check in, and whether any enforcement action was taken against the alien other than the issuance of an NTA;" (4) "identify the number of aliens who have been issued an NTA since the last report, along with when and how the NTA was issued, whether the alien was released or detained after the NTA was issued, and what legal authority the releases were based;" and (5) "identify how many of the 2,572 aliens who were released after the PWC policy was enjoined are still in the country and, of those, how many are detained." ECF No. 65.

2. This declaration is based upon my personal knowledge and information obtained from other individuals employed by ICE and DHS records. This declaration also incorporates the information previously provided in prior declarations filed by ICE with the Defendant's Response to the Court's May 16 and 22, 2023 Orders. ECF Nos. 53, 55, 56.

3. Attached hereto as Exhibit 1 is a true and accurate copy of "Parole with Conditions (PAWC) Report_20240411" that ICE generated on April 11, 2024, at 11:16 AM in response to the Orders. This report is based on data provided by U.S. Customs and Border Protection (CBP), which identified 2,572 noncitizens released after 11:59 PM on May 11, 2023, and processed under the memorandum from Raul L. Ortiz, former Chief, U.S. Border Patrol, *Policy on Parole with Conditions in Limited Circumstances Prior to the Issuance of a Charging Document (Parole with*

*Conditions)* (May 10, 2023).[1] This data has been manually edited to amend a discrepancy as described in the February 16th declaration submitted to the Court. ECF No. 70. Additional discrepancies (*e.g.*, incorrect A#s) were identified and, after receiving confirmation from CBP, manually edited by ICE.

4. Understanding that these reports shall be filed on the public docket, this information has been anonymized to ensure the personal identifying information of the noncitizens remains private. ERO Law Enforcement System and Analysis (LESA) Statistical Tracking Unit (STU) considered ICE guidance for the identification and disclosure of information protected by 8 U.S.C. § 1367 (Section 1367) in its analysis and did not identify noncitizens with protected status for this production.

5. In response to question number one, the attached data shows that of the 2,572 noncitizens identified in this cohort, as of April 11, 2024, 2,545 have checked in with ICE, while 27 have not checked in.

6. In response to question number two: below is a breakdown of the number of noncitizens who checked in with specific ICE ERO Offices:

| Check-In Location | Count |
|---|---|
| Atlanta, GA | 146 |
| Baltimore, MD | 48 |
| Boston, MA | 202 |
| Buffalo, NY | 17 |
| Chicago, IL | 254 |
| Dallas, TX | 118 |
| Denver, CO | 101 |
| Detroit, MI | 73 |

---

[1] This report attached as Exhibit 1 reflects data from the following sources: 1) The Unified Immigration Portal (UIP); 2) Check in and charging document data extracted from the Enforcement Integrated Database (EID); 3) FOAS data; 4) EARM data; 5) EOIR data; 6) ECCO data, or 7) OCOA data.

| | |
|---|---|
| El Paso, TX | 24 |
| Harlingen, TX | 1 |
| Houston, TX | 60 |
| Los Angeles, CA | 101 |
| Miami, FL | 175 |
| New Orleans, LA | 83 |
| New York City, NY | 429 |
| Newark, NJ | 147 |
| Philadelphia, PA | 59 |
| Phoenix, AZ | 25 |
| Salt Lake City, UT | 63 |
| San Antonio, TX | 46 |
| San Diego, CA | 7 |
| San Francisco, CA | 177 |
| Seattle, WA | 49 |
| St. Paul, MN | 43 |
| Washington, DC | 97 |
| **Total** | **2,545** |

Please note that the "Check-In Location" for an in-person check-in reflects the Area of Responsibility (AOR) where it occurred and for an online check-in, Check-in Location reflects the location where the appointment was made.

7. In response to question three, there are four new check-ins identified since the last report. These check-ins can be described as the following:

    a. Two individuals had filed asylum applications with U.S. Citizenship and Immigration Services (USCIS) on February 26, 2024. Relevant databases did not reflect applications at the time data was pulled for the March declaration on March 12, 2024, but databases have since been updated. The check-ins were in New York City, NY with no NTA issued or any other action taken by ICE at that time. The individuals were not detained and NTAs were not served.

    b. One individual also filed an asylum application with USCIS on March 12,

        2024 in New York City, NY with no NTA issued or other action taken by ICE at the time. The individual was not detained and an NTA was not served.

    c. One individual received an NTA from CBP on March 12, 2024. The noncitizen was returned to CBP at the Champlain, NY port of entry (POE) in the custody of Canada Border Services Agency (CBSA) Agents as the person attempted to claim asylum in Canada but did not meet an exemption to the Safe Third Country Agreement and an NTA was issued on the same day and served in person. This individual was detained for issuance of an NTA, but they were released on their own recognizance under section 236 of the INA and the applicable provisions of Title 8 of the Code of Federal Regulations.

8. In response to question four, out of the 2,545 noncitizens who have checked in, 2,206 individuals have been served with a charging document. There are eight new charging documents issued since the prior report. Four of the eight new charging documents were served via mail and therefore, no additional action was taken at the time of NTA service. The remaining four were served in person, and no additional actions were taken at the time of the NTA service for three of those noncitizens. One noncitizen was detained at the time of issuance and is still detained.

9. In response to question five, 13 noncitizens were either removed by ICE, ICE has verified their departure from the United States, or they are deceased. Two noncitizens are currently detained in ICE custody. ICE cannot provide additional information on the remaining individuals as ICE does not have the ability to readily confirm when an individual leaves the United States except through removal efforts or verified departures.

Executed this 22nd day of April 2024, in Washington, D.C.

                                              _____
Donna Vassilio-Diaz
Acting Assistant Director
Law Enforcement Systems and Analysis
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security