UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    *Plaintiff,*

    v.                                    Case No. 3:23-cv-9962-TKW-ZCB

ALEJANDRO MAYORKAS, et al.,

    *Defendants.*

_____/

**<u>CONSENT DECREE</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. JURISDICTION AND VENUE ..................................................................... 3

III. APPLICABILITY ........................................................................................ 4

IV. DEFINITIONS ............................................................................................. 5

V. DUTIES AND OBLIGATIONS ................................................................... 6

VI. DISPUTE RESOLUTION ........................................................................... 8

VII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS .................... 9

VIII. COSTS ..................................................................................................... 10

IX. EFFECTIVE DATE ................................................................................... 10

X. RETENTION OF JURISDICTION ............................................................ 10

XI. MODIFICATION ...................................................................................... 10

XII. TERMINATION ...................................................................................... 11

XIII. SIGNATORIES/SERVICE .................................................................... 11

XIV. INTEGRATION ..................................................................................... 11

XV. FINAL JUDGMENT ............................................................................... 12

# I. INTRODUCTION

1. The State of Florida ("Plaintiff") has sued the Secretary of the United States Department of Homeland Security, the Chief of the United States Border Patrol, and the United States of America ("Defendants"). *See* DE1, 3:23-cv-9962 (N.D. Fla. May 10, 2023) ("Compl."). Plaintiff contends that the policy titled "Parole With Conditions" ("PWC") adopted by Defendants via memorandum dated May 10, 2023, DE5-1, exceeds Defendants' authority under 8 U.S.C. § 1182(d)(5)(A)—which authorizes Defendants to "temporarily" parole illegal aliens into the United States "only on a case-by-case basis" and solely "for urgent humanitarian reasons or significant public benefit" and requires Defendants to "forthwith return" paroled aliens "to the custody from which [they] w[ere] paroled" when "the purposes of such parole . . . have been served." Compl. at 6–7. Plaintiff further contends that the PWC policy violates 5 U.S.C. §§ 553 and 706(2)(A) because it is arbitrary and capricious and was issued without the opportunity for notice and comment. Compl. at 7–8.

2. After Plaintiff sued, the Court granted a temporary restraining order and then a preliminary injunction enjoining Defendants "from implementing or enforcing the [PWC] policy . . . pending disposition of this case or further order of the Court." DE30 at 9. The Court found that the PWC policy was "materially indistinguishable" from the parole policy it vacated in *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla.) and that Plaintiff was substantially likely

1

to succeed on its claims that the PWC policy exceeded Defendants' statutory authority and was unlawfully issued without notice and comment. DE30 at 5–6.

3. While Defendants' appeal of the preliminary injunction was pending, President Trump issued Executive Order 14165, which among other things, requires the federal government to "propose regulations regarding the appropriate and consistent use of lawful detention authority under the INA, including the termination of the practice commonly known as 'catch-and-release,' whereby illegal aliens are routinely released into the United States shortly after their apprehension for violations of immigration law." Exec. Order 14165, *Securing Our Borders*, § 5, 90 Fed. Reg. 8467, 8468 (Jan. 20, 2025). The executive order also requires the federal government "ensure that all future parole determinations fully comply with . . . applicable law." *Id.* § 7(c). This Consent Decree outlines Defendants' obligations regarding any parole policies similar to those at issue in this litigation and the path to resolving this case. This Decree, however, is in no way contingent on Executive Order 14165, and will remain binding no matter whether that order remains in effect, subject to the limits discussed below.

4. In entering this Consent Decree, Defendants acknowledge that Section 1182(d)(5)(A) requires that parole be used "only on a case-by-case basis" and solely "for urgent humanitarian reasons or significant public benefit."

2

Defendants further acknowledge that Section 1182(d)(5)(A) requires that paroled aliens "forthwith return or be returned to the custody from which [they] w[ere] paroled" "when the purposes of such parole . . . have been served." As the district court concluded, the PWC memorandum did not comply with "the plain language of 8 U.S.C. §1182(d)(5)" and "violated the APA because it was contrary to law, arbitrary and capricious, and adopted without notice and comment." DE 10 at 8, 9.

5. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, without the adjudication or admission of any issue of fact or law except the matters addressed in this Decree, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## II. JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346, and 1361, 8 U.S.C. § 1182(d)(5)(C), and 5 U.S.C. §§ 702–03.

2. The Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 705–06, 28 U.S.C. §§ 2201–02, the

3

Constitution, and the Court's equitable powers. Venue lies in this district pursuant to 28 U.S.C. § 1391(e)(1).

3.  For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree and any such action and over Defendants. Defendants also consent to venue in this judicial district.

### III. APPLICABILITY

1.  The obligations of this Consent Decree apply to and are binding upon the Parties and any of their successors, assigns, or other entities or persons otherwise bound by Federal Rule of Civil Procedure 65(d)(2) or other law.

2.  Excepting the order for vacatur set out in ¶ V.1 herein, the scope of relief awarded by this Judgment is limited to the parties to this litigation. The injunctive relief set out in ¶ V.2 herein binds Defendants, their representatives, agents, and assigns, and only benefits Plaintiff.

3.  In any action to enforce this Consent Decree, Parties shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. DEFINITIONS

1. This Section lays out general definitions. To the extent a Section defines a term more specifically, the more specific usage governs within that Section.

2. "Complaint" means the complaint filed by Plaintiffs in this action.

3. "Consent Decree" or "Decree" means this Consent Decree and all appendices attached hereto.

4. "Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the next business day.

5. "Defendants" means the Secretary and/or Acting Secretary of the United States Department of Homeland Security, the Chief and/or Acting Chief of the United States Border Patrol, and the United States of America.

6. "Dispute Resolution" means the manner for resolving disputes arising under this Decree, as described in Section VI.

7. "Effective Date" means the date identified in Section IX.

8. "Moving Party" means the Party seeking relief under this Decree.

9. "Opposing Party" means the Party opposing relief under this Decree.

10.  "Parole+ATD" means the memorandum titled "Policy on the Use of Parole Plus Alternatives to Detention to Decompress Border Locations" issued by United States Customs and Border Protection Commissioner Chris Magnus and United States Immigration and Customs Enforcement Acting Director Tae D. Johnson on July 18, 2022. *See Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla. July 20, 2022), DE70-2.

11.  "Parties" means all Plaintiffs and Defendants in this action.

12.  "Party" means either a Plaintiff or Defendant, depending on the context in which the term is used.

13.  "Plaintiff" means the State of Florida.

14.  "PWC" means the memorandum titled "Policy on Parole with Conditions in Limited Circumstances Prior to the Issuance of a Charging Document (Parole with Conditions)" issued by United States Border Patrol Chief Raul L. Ortiz on May 10, 2023. *See* DE5-1.

## V. DUTIES AND OBLIGATIONS

1.  Upon entry of this Decree, the PWC memorandum is hereby declared unlawful and set aside under 5 U.S.C. § 706(2)(A), (C), and (D).[1]

---

[1] The consent decree provides that the PWC memorandum be vacated pursuant to 5 U.S.C. § 706. It is the position of the Department of Justice that the APA does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy, then like all equitable remedies, such relief must be subject to traditional equitable limitations, including the principle of party-specific relief. The Department acknowledges, however, that there is substantial

2.     Upon entry of this Decree, Defendants, their officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons or entities in active concert or participation with any of them, who have received actual notice of this Decree by personal service or otherwise, are hereby enjoined from implementing or enforcing the PWC memorandum, Parole+ATD memoranda, and any materially indistinguishable policy that injures Plaintiff.

3.     Defendants agree not to issue any memorandum or otherwise adopt any policy that uses the Secretary of Homeland Security's parole authority under Section 1182(d)(5) to create a categorical processing pathway for aliens at the border primarily to alleviate concerns over detention capacity or improve the Department of Homeland Security's operational efficiency, including any memorandum or policy shifting the initiation of removal proceedings from the border to the interior or otherwise postponing the initiation of removal proceedings.

---

authority opposing this position in some circuits, including the Eleventh Circuit, though the Supreme Court has not ruled on the issue.  In jointly requesting with Plaintiff that the Court enter the parties' proposed consent decree, the Department agrees not to pursue this position in this case, but it reserves the right to continue to advance this position in other cases.

7

## VI. DISPUTE RESOLUTION

1.  The Dispute Resolution procedures of this Section shall be the exclusive mechanism for the Parties to resolve disputes arising under or with respect to this Consent Decree.

2.  <u>Informal Dispute Resolution</u>. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when a Party sends an Opposing Party a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 30 days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, any party may invoke Judicial Dispute Resolution.

3.  <u>Judicial Dispute Resolution</u>. The Parties may seek judicial review of the dispute by filing with the Court in this case number and serving the Opposing Parties a motion requesting judicial resolution of the dispute.

    a.  The motion: (a) must be filed within 14 days after the close of the Informal Dispute Resolution process; (b) may not raise any issue not raised during Informal Dispute Resolution; (c) shall contain a written statement of the Moving Party's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation; and (d) shall

     set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

  b. The Opposing Party shall respond to the Moving Party's motion within the time period allowed by the Local Rules of this Court. The Moving Party may file a reply memorandum, to the extent permitted by the Local Rules.

  c. The Moving Party shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

  d. If the Moving Party succeeds in meeting its burden, the Court may order all relief that is just, proper, and necessary to effectuate the Consent Decree.

4. The invocation of dispute-resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of any Party under this Consent Decree, unless and until final resolution of the dispute so provides.

## VII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

1. This Consent Decree resolves Plaintiff's alleged civil claims in this matter.

2. This Consent Decree does not limit or affect the rights of the Parties against any third parties that are not parties to this Consent Decree.

3. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not party to this Consent Decree.

## VIII. COSTS

1. The Parties shall bear their own costs of this action, including attorney fees, except as provided in the Dispute Resolution section.

## IX. EFFECTIVE DATE

1. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## X. RETENTION OF JURISDICTION

1. The Court shall retain jurisdiction over this case for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree, or effectuating or enforcing compliance with the terms of this Decree until termination of this Consent Decree.

## XI. MODIFICATION

1. The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all

the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court. Any disputes concerning modification of this Decree shall be resolved pursuant to the Dispute Resolution section, provided that the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XII. TERMINATION

1. This Agreement shall remain operative for a period of 15 years, starting on the effective date of this Decree.

## XIII. SIGNATORIES/SERVICE

1. Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Parties he or she represents to this document.

2. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## XIV. INTEGRATION

1. This Consent Decree, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Decree herein.

## XV. FINAL JUDGMENT

1. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated and entered this __ day of _____, 2026.

_____
United States District Judge